LANDIS, *Appellant*, v. SAXTON *et al.*

1. **Loan of Money** : COMMISSION OF AGENT : INTEREST : USURY. An agent for loaning money may take a reasonable commission from the borrower, even with the knowledge of the lender, and still the transaction will not be usurious, though the amount of interest reserved to the lender be the full lawful interest.

2. **Executor**: TRUSTEE. An executor is a trustee, and has no right to speculate with the trust property, or to make gains therefrom individually, beyond his allowed compensation fixed by law, and his contract for a bonus, on making a loan of the money of the estate of which he is executor, is illegal and will not be enforced.

3. —— : ——. A trustee cannot hold on to money illegally made by the use of the trust property, or by the use of his position as trustee, and he might be required to account therefor to the beneficiary in the trust.

4. —— : ——. An executor who receives a bonus for a loan of money of the estate under his charge, by withholding a part of the sum named in the note, by agreement with the maker, cannot, after he has become the owner of the note and accounted to the estate for it, collect its full value. The maker has the right to have the amount of the bonus deducted from the face of the note.

5. **Tender, Effect of Without Deposit.** A tender, without a deposit of the money in court, can only have the effect to stop the running of interest ; it cannot have the effect to destroy the security created by a deed of trust for so much as may be found due at the time it was made. Revised Statutes, section 1008.

*Appeal from Buchanan Circuit Court.*—Trial before HON. G. D. BURGESS, Judge of the Eleventh Judicial Circuit.

REVERSED.

*Green & Burnes* and *Ramey & Brown* for appellant.

(1) The law demanded that all the power and influence the executor possessed, by virtue of his trust, be used

for the advantage of his estate, and not for his own private gain or emolument. No other rule would be safe. Perry on Trusts, 533. And he can make no profit, either directly or indirectly, from his position or office. *Ib.* 534. In this case the defendant held an important and sacred private trust. *Porter v. Jones,* 52 Mo. 399. A trustee is never permitted to make any profit to himself in any of the concerns of his trust. 1 Story's Eq. Jur., sec. 465. Every person is deemed a trustee to whom the interests of others are confided. The agent to sell cannot become a purchaser. No man can serve two masters. *Railroad v. Poor,* 59 Me. 277. The agent to contract cannot, as agent, contract with himself. *Ib.* 279. One cannot act as the agent of both parties. *Utica Ins. Co. v. Toledo Ins. Co.,* 17 Barb. 132 ; *Maker v. Osgood,* 98 Mass. 348 ; *Atlee v. Fink,* 75 Mo. 100. If Saxton were declaring in his cross-bill upon a contract founded in whole or in part upon an undertaking by Landis to pay him one thousand dollars, to perform his duty to loan the money of the Patee estate, he could not recover it, and it cannot be recovered in this proceeding. (2) In the case of *Hawkins v. Welch,* 8 Mo. 490, the court fully recognizes the common law doctrine that one who has paid usurious interest may institute suit and recover it back. This was the law in Missouri until it was changed by the act of 1855. Under the last mentioned act as decided by the Supreme Court in the case of *Ransom v. Hays,* 39 Mo. 447, the law was changed, and as held in the case last mentioned, usury was a defence to an action brought to enforce a usurious contract, but no independent suit could be maintained to recover it back after it had been voluntarily paid. *Peavine v. Poulson,* 53 Mo. 309. Usury may be reclaimed as long as any part of the debt remains unpaid. 11 Bush, 399 ; *Johnson v. Thompson,* 28 Ill. 357 ; *Mily v. Goodwin,* 35 Ill. 53 ; *Saylor v. Daniels,* 37 Ill. 332 ; *Reinbark .v. Crabtree,* 77 Ill. 187. See the cases of *Campbell v. McHorg,*

Landis v. Saxton.

9 Iowa, 355; *Ferrier v. Scott's Adm'r*, 17 Iowa, 578. We ask especial attention to the two last cases, as we have made no extracts from them. *Nickerson v. Babcock*, 23 Ill. 564; *Wilday v. Morrison*, 67 Ill. 532; *Hewitt v. Derwent*, 57 Ill. 500; *East River Bank v. Hoyt*, 32 N. Y. 119; *The Real Estate Trust Co. v. Kuch*, 69 N. Y. 247; *Scott v. Lloyd*, 9 Peters, 418, 446; *Waite v. Ballou*, 19 Kas. 602; *Callahan v. Shaw*, 24 Iowa, 441. As to knowledge of usury on part of the purchaser of a note contaminated by usury. *Alqur v. Gardner*, 54 N. Y. 361; *Estever v. Purdy*, 66 N. Y. 449. (3) If plaintiff's evidence is true there was a failure of consideration of the note to the extent of a thousand dollars, within the meaning of Revised Statutes, section 3725. (4) The tender prevented the running of interest and accumulation of damages from that date. R. S., sec. 1008. The tender had the effect, also, to satisfy the lien of the mortgage, and no foreclosure can be had in this proceeding. *Kartright v. Cody*, 21 N. Y. 323; *Stoddard v. Hart*, 23 N. Y. 560; *Frost v. Bank*, 70 N. Y. 553; *Thornton v. Bank*, 71 Mo. 221; *Caruthers v. Humphrey*, 12 Mich. 278; *Maynahan v. Moore* 9 Mich. 9; *Van Housen v. Kanause*, 13 Mich. 306.

*Strong & Mosman* and *Doniphan & Reed* for respondent.

(1) If the agent to sell does become the purchaser no one but the principal can complain. Wharton's Agency, secs. 233, 235. But as a matter of fact the estate was not injured. (2) Plaintiff says he did not agree to pay defendant a bonus of a thousand dollars for procuring him the money. Defendant says he did agree to and did pay it. If both parties stood equally well before the court, plaintiff would not be entitled to the relief he asks. *Gillespie v. Stone*, 70 Mo. 511. (3) The tender was not sufficient and was conditional, as alleged

in the petition. It was coupled with a demand "to enter satisfaction and cancel said deed of trust and relieve plaintiff's real estate from the lien of said deed of trust." This destroyed all effects of the tender, both as to the question of interest and a lien. *Storey v. Krewson*, 55 Ind. 397; *Loring v. Cooke*, 3 Pick. 48; *Frost v. Bank*, 70 N. Y. 553; *Dodge v. Brewer*, 31 Mich. 227; 2 Jones on Mortgages [3 Ed.] sec. 900. But even if the tender was sufficient a court of equity would not decree a release of the deed of trust without requiring the payment of the amount actually due. *Tuthill v. Morris*, 81 N. Y. 94; *Cowles v. Marble*, 37 Mich. 158. And further, one designing to make a tender with the purpose of insisting, in case of refusal, that the mortgage lien is discharged, is bound to act in a straightforward way and distinctly and fairly make known his true purpose. *Proctor v. Robinson*, 35 Mich. 284; *Frost v. Savings Bank*, 70 N. Y. 553. (4) Where an agent, without the knowledge or consent of his principal, in lending the latter's money, takes a bonus or commission from the borrower for his own benefit, this does not taint the transaction with usury. *Fellows v. Longgor*, 91 N. Y. 324; *Esterly v. Runly*, 66 N. Y. 446; *Mutual Life Ins. Co. v. Kashaw*, 66 N. Y. 544; *Van Wyck v. Watters*, 81 N. Y. 352; *Gray v. Van Blarcom*, 29 N. J. E. 454; *Manning v. Young*, 28 N. J. E. 568; *Conover v. Van Mater*, 18 N. J. E. 481; *Muir v. Newark Savings Inst.*, 16 N. J. E. 537; *Philips v. Macellar*, 92 N. Y. 34; *Rogers v. Buckingham*, 33 Conn. 81; *Gokey v. Knapp*, 44 Iowa, 32; *Wylis v. Ault*, 46 Iowa, 46; *Condit v. Baldwin*, 21 N. Y. 219; *Elmer v. Oakley*, 3 Lans. 34; *Smith v. Tracy*, 36 Barb. 655, 660; *Baxter v. Buck*, 10 Vt. 548; *Smith v. Wolf*, 55 Iowa, 555; *Eddy v. Badger*, 8 Bliss C. Ct. 238; *Palmer v. Call*, 2 McCrary, 522; *Boardman v. Taylor*, 66 Geo. 638; *Dickey v. Brown*, 56 Iowa, 426; *Atchison v. Chase*, 28 Minn. 211; *Sniffin v. Koechling*, 45 N. Y. Sup. Ct. 61; *White v. Dwyer*, 31

N. J. E. 40. Having paid the estate in full for the note on final settlement the note became the property of the defendant. *Lyons v. Estate of Doherty*, 50 Mo. 38. In law the defendant stands as a purchaser of the note from the estate and has all of a purchaser's rights and remedies against the maker. His purchase and payment of the note has placed him in the position of an assignee, and as such he is entitled to all the rights and remedies of the Patee estate. *Oneida Bank v. Ontario Bank*, 21 N. Y. 490, 497 ; 2 Story's Eq., sec. 1047 ; 19 Wall. 484 ; 1 Daniel on Neg. Inst., secs. 741, 742. (5) "Usurious interest paid upon a note to procure an extension, cannot be recovered back ; and in suit upon the note, such payments cannot be applied as credits upon the note." *Kirkpatrick v. Smith*, 55 Mo. 389 ; *Perrine v. Poulson*, 83 Mo. 309 ; *Ransom v. Hayes*, 39 Mo. 445.

BLACK, J.—This was a suit to enjoin the sale of certain real estate under a deed of trust given to secure a promissory note made by the plaintiff, Israel Landis, and two other persons as his securities, for sixteen thousand dollars, due in two years after the date thereof with interest at the rate of ten per cent. per annum, interest payable annually. The note is payable to the defendant, Albe M. Saxton, executor of the estate of John Patee, deceased. The defendant filed answer in which he set up the note and deed of trust and prayed for a foreclosure. Various payments were conceded to have been made on the note from time to time, and as the issues over the credit of date January 20, 1874, were ruled for the appellant, they need not be further considered. The contest in this court grows out of a claim of the plaintiff for a deduction of one thousand dollars from the face of the note, which was refused by the circuit court, and hence there was a decree of foreclosure from which the plaintiff appealed.

The facts as to the one thousand dollars are as fol-

lows : In 1868, and at the date of the note, Landis was embarrassed and went to Saxton to borrow fifteen thousand dollars. He offered to pay Saxton a bonus of one thousand dollars for a loan of that amount of money, or for negotiating a loan. Saxton, who was then the executor of the Patee estate and president of a bank, agreed to let him have the money from the Patee estate on the proposed terms, and thereupon the note and deed of trust were executed. The funds of the estate were then in gold coin, then at a premium. Saxton converted the same into currency, and on the second of April, 1868, made a memorandum on the note to the effect that interest should commence from that date. At the same time Saxton deposited to the credit of Landis fifteen thousand dollars, and took a credit for himself of one thousand dollars, thus reducing, we infer, the Patee estate account sixteen thousand dollars. Plaintiff in his testimony says he did not agree to give defendant a bonus of one thousand dollars, but the other evidence and the attending circumstances show conclusively that he did, and that the transaction was as before stated. The plaintiff drew out and used the fifteen thousand dollars placed to his credit. Nothing more was said of the matter until in 1880 or 1881, when the plaintiff's son discovered from the father's pass-book that only fifteen thousand dollars had been received on the note, and then for the first time followed the demand for a deduction of one thousand dollars.

An agent for loaning money may take a reasonable commission from the borrower, even with the knowledge of the lender, and still the transaction will not be usurious, though the amount of interest reserved to the lender be the full lawful interest. *Smith v. Wolf*, 55 Iowa, 555 ; *Atchison v. Chase*, 28 Minn. 211 ; Tyler on Usury, 172. Had the one thousand dollars been paid to some third person solely for negotiating the loan and without any participation therein by the Patee estate, it

must follow the transaction could not be declared usurious.

*Fellows v. Longyor*, 91 N. Y. 324, was a suit to foreclose a bond and mortgage. In that case Mrs. Longyor gave the bond and mortgage to Downer, guardian, for five thousand dollars. He, as guardian, assigned the bond and mortgage to Mrs. Fellows, who prosecuted the foreclosure suit. In that case it appears Mrs. Longyor actually got the five thousand dollars. The transaction was connected with another, and for both Downer individually received a bonus. It did not appear what, if any, specific part of the bonus was to be allowed for the loan of the five thousand dollars. It is there said the funds did not, in equity, belong to Downer, but were the property of the estate of which he was the representative ; and the conclusion is reached that he could not be considered the lender of the trust funds within the meaning attached to that term by the statute relating to usury.

Here the executor, not as such, but Saxton individually, is the owner of the note, and in point of fact only fifteen thousand dollars was paid to Landis. Whether the note should be held to be tainted with usury in the hands of the Patee estate or its assignees, other than Saxton, presents a question which we do not determine. Saxton having become the owner of the note seeks to foreclose the mortgage, and in the case of *Fellows v. Longyor*, *supra*, it was an assignee from the estate who sought to foreclose the mortgage. This difference in the parties is material and opens the way for the application of other rules of law. Saxton as executor was a trustee. He had no right to speculate with the trust property or to make gains therefrom individually beyond his allowed compensation and the law fixed the amount of his compensation. It is against public policy to allow an executor or administra-

tor to make commissions over and above that allowed by law by speculating or loaning the trust funds. Saxton's contract for the bonus was illegal, a contract which a court would not enforce. Story on Agency, sec. 330. A trustee cannot hold on to money thus illegally made by the use of the trust property, or by the use of his position as trustee, and he might be required to account therefor to the beneficiary in the trust. *Bent, Receiver, v. Priest*, 86 Mo. 475. It is equally clear that the courts will not enforce the performance of the illegal contract. Story Eq., sec. 298. If the defendant is not here literally seeking to enforce the verbal bargain by which he received the bonus, he is seeking to enforce the contract, by the enforcement of which he is enabled to hold on to the bonus and without which he cannot retain it. In short, having accounted to the estate for the note he must now collect the note to the full amount or lose the bonus. It is but an indirect way of recovering back that which was received by an illegal and prohibited contract. We cannot see that, in contemplation of law, Saxton occupies any other or better position than that of suing Landis directly for the bonus. In such a suit he would not receive the aid of the courts. It follows that the deduction of one thousand dollars must be made from the face of the note.

Section 1008, Revised Statutes, provides that: "Where a tender and no deposit shall be made, as provided in the preceding section, the tender shall only have the effect, in law, to prevent the running of interest or accumulation of damages from and after the time such tender was made." While a tender was made by the plaintiff to the defendant on the tenth of June, 1881, we do not understand that any deposit of the money tendered was ever made in court, and the only effect of the tender, if sufficient in amount, was to stop the running of interest. The tender cannot have the effect to deprive the defendant of his security created by the deed

of trust for so much as may be found due at the time the tender was made. Authorities cited do say that where a tender has been made of the amount due it discharges the lien, still, without regard to the statute, a court of equity would not decree affirmative relief, such as the release or satisfaction of a mortgage or deed of trust or other lien without payment of the amount due at the date of the tender. A party who seeks equitable relief must do equity. Until plaintiff does make such payment he cannot have the deed of trust declared satisfied as prayed for in his petition. *Tuthill v. Morris*, 81 N. Y. 98; *Cowles v. Marble*, 37 Mich. 158. But so far as this case is concerned, the statute before quoted is conclusive, and as before stated the only effect of the tender was to stop the running of interest.

The judgment is reversed and the cause remanded to be proceeded with according to the principles before stated. All concur, except Henry, C. J., who dissents.