Campbell v. Seeley.

ROBERT CAMPBELL, Appellant, v. ELY SEELEY, Respondent.

**St. Louis Court of Appeals, December 17, 1889.**

Mortgages: STATUTORY DAMAGES FOR FAILURE TO RELEASE. In order to recover statutory damages for the failure of a mortgagee to release a mortgage, it is not necessary for the mortgagor to show acceptance of payment of the mortgage debt; a proper tender after the maturity of the debt, though refused by the mortgagee, is equivalent to the receipt of satisfaction, for the purposes of the statute.

*Appeal from the Scotland Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*Smoot & Pettingill,* for the appellant.

A full and complete tender is equivalent to payment as to all things which are incidental or accessorial to the debt. *Kortright v. Cady,* 21 N. Y. 343; *Stoddard v. Hart,* 23 N. Y. 556; *Hartley v. Tatham,* 1 Keys, 222; *Frost v. Bank,* 10 N. Y. 553; 78 Amer. Dec. 150; Jones on Mortgages [3 Ed.] secs. 893, 911; *Thorington v. Bank,* 71 Mo. 221; *Olmstead v. Tarsney,* 68 Mo. 396. A competent tender gives the mortgagor under the statute the right to sue for the penalty. Jones on Mortgages [3 Ed.] sec. 991; *Barnard v. Harrison,* 28 Mich. 518. Full tender made is satisfaction of the mortgage, and the lien is discharged. See authorities above cited and *Salinas v. Ellis,* 2 S. E. Rep. 121. And a tender made after law day is as effectual as though made on law day. Jones on Mortgages [3 Ed.] sec. 893.

*McKee & Jayne*, for the respondent.

Plaintiff's petition does not state facts sufficient to constitute a cause of action. R. S. 1879, secs. 3311, 3312 and 1008; Laws of Mo. 1881, p. 172; Laws of Mo. 1887, p. 224; 2 Jones on Mortgages, secs. 891–894; *Crumbly v. Bardon*, 36 N. W. Rep. 19; *Landis v. Saxton*, 89 Mo. 379; *Verges v. Giboney*, 47 Mo. 171.

ROMBAUER, P. J., delivered the opinion of the court.

The trial court entered judgment in favor of the defendant upon a demurrer to each count of the plaintiff's petition, which contained two counts, and the plaintiff, appealing, assigns for error that the demurrer was improperly sustained.

The petition states, in its first count, the following facts: The plaintiff executed a deed of trust on his real estate in favor of the defendant, to secure to the latter the payment of a promissory note for fifteen hundred dollars. After the maturity of the note, the plaintiff tendered to the defendant the amount due thereon, and a sum sufficient to pay for a release, and demanded from him a release, which the defendant refused to give. The plaintiff, thereupon, after a lapse of thirty days, instituted suit in the circuit court to obtain satisfaction of the encumbrance, and kept his tender good by deposit of the money into court. In this suit such proceedings were had that the court adjudged the tender good and sufficient, and decreed a cancellation of the deed of trust. The plaintiff further states that the defendant's refusal to release the encumbrance caused him damages in counsel fees, loss of time, and otherwise, to the amount of five hundred dollars, for which sum, and the penalty of ten per cent., as provided by section 3312 of the Revised Statutes of 1879, he asks judgment.

The second count states the same facts, and adds that the defendant refused to release the encumbrance, although requested so to do for more than thirty days

after the court decreed he should do so. This count also prays judgment for the damages and penalty provided for by the statute.

It will be thus seen that the two counts of the petition purport to state substantially but one cause of action, namely, the breach of the defendant's statutory duty to release the encumbrance for more than thirty days after it became his duty to do so, and whether they do state such cause of action is the only question presented for our consideration.

The sections of the statute, upon which the question arises, are as follows :

"Section 3311. If any mortgagee, trustee, or *cestui que trust*, his executor or administrator, or assignee, receive full satisfaction of any mortgage or deed of trust, he shall, at the request and cost of the person making the same, acknowledge satisfaction of the mortgage or deed of trust, on the margin of the record thereof, or deliver to such person a sufficient deed of release of the mortgage or deed of trust; provided, that whenever any trustee shall acknowledge such satisfaction, or execute such deed of release, he shall be joined therein by the *cestui que trust.*

"Section 3312. If any person, thus receiving satisfaction, do not, within thirty days after request and tender of cost, acknowledge satisfaction on the margin of the record, or deliver to the person making satisfaction a sufficient deed of release, he shall forfeit to the party aggrieved ten per cent. upon the amount of the mortgage or deed of trust money, absolutely, and any other damages he may be able to prove he has sustained, to be recovered in any court of competent jurisdiction."

The first of these sections has been amended since the revision of 1879, but, as the amendment does not affect the question we are considering, we quote it from the Revised Statutes.

The controversy between the parties turns upon the construction of these sections. The plaintiff contends that a tender of full satisfaction is all that he is required to make, to invoke the protection of the statute, and that he is entitled to it, even though the tender be refused. The defendant, on the other hand, contends that the statute is penal, and must be strictly construed, and that, although a tender be made, yet, if it be declined, the only remedy of the mortgagor is to bring an action to compel satisfaction. The trial court evidently adopted the latter view as the correct one.

At common law, payment, or *tender of payment*, at the time mentioned in the condition of the mortgage, wholly discharged the *encumbrance*, but not the debt. Tender after law day had no such effect. Jones on Mortgages [4 Ed.] sec. 886. The court of appeals in New York, upon a full discussion and exhaustive review of the authorities in *Kortright v. Cady*, 21 N. Y. 343, came to the conclusion that a tender after the law day had the same effect as a tender on that day, and discharged the lien, even though not kept up by deposit in court; and that case has been cited with approval in *Olmstead v. Tarsney*, 69 Mo. 399, where Judge HOUGH says: "A tender by the debtor to the mortgagee on the law day will undoubtedly discharge the lien of the mortgage; and it has been repeatedly decided that a tender by the debtor to a mortgagee of the amount of his debt after the law day, or at any time before foreclosure, will discharge the lien of the mortgage." The same view was re-affirmed in *Thornton v. The National Exchange Bank*, 71 Mo. 232, in an opinion delivered *per curiam*. In the later case of *Landis v. Saxton*, 89 Mo. 375, 383, Judge BLACK delivering the opinion, the rule, as stated in the former cases, is recognized, but, upon the strength of the maxim, that he who seeks equity must do equity, the court decided that tender without deposit in court will not entitle the mortgagee to a decree of satisfaction in equity.

If the foregoing is a correct view of the law, it follows that, upon tender of the full amount due, the lien of the mortgage or deed of trust ceased, even though the plaintiff, in order to obtain decree of satisfaction in equity, was bound to keep his tender good. The tender was a full satisfaction of the conditions of the mortgage, even though it was no satisfaction of the debt, and it is the former, and not the latter, which entitles the mortgagor to a release under the statute. If the mortgagor was entitled to a release under the statute, and it was denied him, he is entitled to the damages which the statute provides for his indemnification.

The decisions in other states on this question are not uniform. In *Crumbly v. Barden*, 70 Wis. 385, it was held that tender was not equivalent to performance, for the purpose of recovering the penalty, the court holding that the statute was a penal statute, and must be strictly construed. On the other hand, in *Barnard v. Harrison*, 30 Mich. 8, it was held that a sufficient tender is equivalent to full performance, as far as the recovery of the penalty is concerned. The view expressed in the latter case is, in our opinion, the better of the two. The mere fact that the statute uses the word "forfeit" does not make it a penal one. This was expressly decided in *Edwards v. Brown*, 67 Mo. 377. As we had occasion to say in a former construction of the same section: "The statute fixes the general damages only, and liquidates them where no special damages can be shown. It provides for a forfeiture of ten per centum absolutely, as well as for a forfeiture of any other damages the mortgagor may be enabled to prove, thus impliedly recognizing the ten per centum as general, liquidated damages." *Wiener v. Peacock*, 31 Mo. App. 244. If the allegations of the plaintiff's petition are true, he has done all that he could possibly do, and brought himself within the protection of the statute.

It results that the court erred in sustaining the defendant's demurrer, and that the judgment must be reversed and the cause remanded, to be proceeded with in conformity with this opinion. So ordered. All the judges concur.