SAMUEL WOOLNER, Appellant, v. MARCUS LEVY *et al.*,
Respondents.

Kansas City Court of Appeals, February 8, and March 7, 1892.

1.  **Replevin:** SEPARATE GOODS IN POSSESSION OF DIFFERENT PARTIES.
    When separate articles of goods are in possession of different
    persons, separate suits should be brought against each person for
    the articles in his possession, and not one action against both
    persons.

2.  **Chattel Mortgages:** PROPOSITION TO PAY: TENDER. A proposi-
    tion to pay off a chattel mortgage. which after consideration and
    acceptance is not fulfilled, does not amount to a tender ; and if it
    did cannot avail in replevin of the mortgaged goods unless kept
    good by payment of the money into court.

3.  —————: WAIVER OF LIEN. A mortgagee who permits a constable
    with an execution against his mortgagor to levy the same upon a
    portion of the mortgaged goods does not thereby waive his lien on
    the remainder of the mortgaged property.

4.  —————: SUBSEQUENT EXECUTION. A chattel mortgage filed before
    judgment in a justice's court will prevail over an execution issued
    on such judgment.

5.  **Practice, Trial:** LAW AND FACT: CONFLICT OF EVIDENCE. If the
    evidence is all one way, the court may declare the fact, but if
    there is a conflict then it is for the jury, and not the court, to
    settle.

6.  **Practice, Appellate :** OBJECTION TO EVIDENCE: MOTION FOR NEW
    TRIAL. A complaint in a motion for a new trial which alleges that
    the court erred in excluding legal and competent evidence offered
    by the plaintiff is too general, and the appellate court will not pass
    on questions of evidence presented thereunder.

*Appeal from the Jackson Circuit Court.*—HON. JAMES
GIBSON, Judge.

AFFIRMED (*in part*); REVERSED AND REMANDED
(*in part*).

*I. J. Ringolsky* and *I. J. Levinson*, for appellant.

(1) The court erred in refusing to admit evidence offered by appellant as to the declarations made by the witness, Holloway, while he was in possession of the furniture in question. *Updyke v. Wheeler*, 37 Mo. App. 680. (2) It was error to admit evidence of the attempted compromise and settlement between Levinson, attorney for appellant, and Wurmser. 2 Whart. Ev. [3 Ed.] sec. 1090. (3) The court erred in allowing the witness, Young, to testify as to his purpose and Levy's purpose in making this chattel mortgage to appellant. 1 Whart. Ev. [3 Ed.] sec. 576, *et seq.* (4) The court erred in refusing to permit appellant to show by the witness Evans, bookkeeper for Wurmser, that the Levy account was not extinguished by the installment note and mortgage, etc. *Selby v. McCullough*, 26 Mo. App. 66 and 72, and authorities cited; *Forney v. Adams*, 74 Mo. 138; *McAlister v. Barnes*, 35 Mo. App. 668. (5) The instruction given by the court directing the jury to find for the defendants, Clary and Wurmser, should not have been given. *Kelly v. Railroad*, 70 Mo. 608; *Parke v. Ross*, 11 How. (U. S.) 376; *Turner v. Langdon*, 85 Mo. 438. (6) That part of the instruction given directing a verdict for defendant Clary was error. Winn, as a judgment creditor, was in no better position than the mortgagor, Levy, unless he and Clary could prove the appellant's mortgage was fraudulent. The mortgage and indebtedness were good as a matter of law. If bad, it was for the jury to decide. *Allen v. Cowan*, 23 N. Y. 502; *Turner v. Langdon*, 85 Mo. 438. (7) The tender made to Wurmser discharged the lien, even if not kept good by payment into court. *Campbell v. Seeley*, 38 Mo. App. 298–301; s. c., 43 Mo. App. 28; *Kortright v. Cady*, 21 N. Y. 367; *Mining Co. v. Turley*, 61 Mo. 375; *Tiffany v. St. John*, 65 N. Y. 314; *Olmstead v. Tarsney*, 69 Mo. 399; *Thornton v. Bank*, 71 Mo. 332; *Berry v. Tilden*, 70

Mo. 489. (8) Wurmser once abandoned his lien to defeat the rights of the appellant to his security; he cannot now, when he has failed in his efforts, assert his lien. *Moreford v. Bliss*, 12 B. Mon. 255; *Butler v. Miller*, 5 Denio, 154; *Graze v. Mercer*, 10 B. Mon. (Ky.) 157; *Evans v. Warren*, 122 Mass. 303, 304; *Whitney v. Farrar*, 51 Me. 418; *Libley v. Costumen*, 29 Me. 429; *Buck v. Ingersoll*, 11 Met. (Mass.) 226; *Kimbell v. Marshall*, 8 N. H. 291; *Masterson v. Railroad*, 46 Mo. 342–347; *Anderson v. Baumgartner*, 27 Mo. 80–88; *Gottschalk v. Klinger*, 33 Mo. App. 412–415; *Jordan v. Bank*, 11 Neb. 499.

*Ess, Block & Georgen*, for respondents.

(1) There was no sufficient tender. Neither appellant's pleading nor his proof show how much was tendered. *Bothwell v. Milliken*, 104 Ind. 162; *Goss v. Bowen*, 104 Ind. 207; *Tuthill v. Morris*, 81 N. Y. 94; *Parks v. Allen*, 42 Mich. 482. The debt was not due. A tender before the debt is due is ineffectual. *Mitchell v. Cook*, 29 Barb. 243; *Aleshire v. Corey*, 113 Ind. 484; Jones, Mort. [4 Ed.] sec. 888, p. 764; *Terrell v. Walker*, 65 N. C. 91; Jones, Mort. [4 Ed.] sec. 893, p. 802; *McKinney v. Harral*, 31 Mo. App. 33, 41; *Harris v. Jex*, 66 Barb. (N. Y.) 232; *Noyes v. Wyckoff*, 30 Hun, 466; Jones, Mort. [4 Ed.] sec. 893, p. 802.

GILL, J.—The nature of this controversy may be understood by a recital of the more prominent facts. Wurmser sold to Levy the necessary furniture to equip a large boarding house in Kansas City; and to secure the balance due, to-wit, about $3,760, Levy made to Wurmser a chattel mortgage covering the entire furniture, etc., of the house. By the terms of the note and mortgage Levy was to pay Wurmser in monthly installments of $100 for the first three months, and $200 monthly thereafter on the fifteenth of each month.

S. S. Winn owned the house and rented to Levy by written lease with Wurmser as security. Levy paid Wurmser from time to time until the amount due on the mortgage was reduced to about $1,100. In January, 1889, Levy failing to pay his rent for that and the previous month the balance of $233, Winn sued, and on January 28 recovered judgment therefor against both Levy and his security, Wurmser. Execution was issued thereon forthwith, and the constable Clary with Wurmser's consent levied the same on a portion of the goods covered by Wurmser's mortgage. About an hour before Winn's judgment was obtained plaintiff Woolner filed for record in the recorder's office at Kansas City a second chattel mortgage made by Levy to secure an alleged indebtedness of $2,700. Shortly thereafter and on February 12, 1889, plaintiff Woolner instituted this action of replevin against Wurmser and Clary for recovery of all the furniture aforesaid, and in pursuance of the writ the goods were taken and delivered over to plaintiff.

The issues were tried by a jury, but the court at the conclusion of the evidence practically instructed the jury that plaintiff had made no case. The instruction to the jury was as follows: "Under the pleading and evidence you will find a verdict for the defendant, A. C. Wurmser, for a return of the property mentioned and described in his mortgage except that levied on by defendant Clary, and assess his damages at the value of said property, not exceeding the debt, to said A. C. Wurmser, and you will assess the damages of defendant Clary at the market value of the property levied on by defendant Clary, not exceeding the amount of his execution, with costs and interest."

A verdict in accordance with this instruction was returned, judgment followed, and plaintiff has appealed. Other facts will be mentioned in the course of the opinion.

This case seems to have been made unnecessarily complicated. To begin with, plaintiff erroneously brought two separate and distinct actions, each against a separate and distinct defendant in one and the same suit. There was no reason for suing Wurmser for the recovery of the furniture levied upon by and in the possession of Clary, the constable, nor was it proper to sue Clary to recover goods in Wurmser's possession. However, since plaintiff saw proper to conduct the litigation in this way, and defendants are not complaining, no notice will be further taken of such misjoinder. We must, however, look upon this as two actions in one. The trial court practically declared to the jury that, under the evidence, plaintiff could not recover against either defendant, and that the verdict should be for Wurmser for the goods he held in his possession when the suit was brought, and for Clary for the goods he had levied on and then held. The propriety of this double instruction is the point now for determination.

*First.* Now, was the court correct in telling the jury that Wurmser's right and title to possession of the goods he held was superior to that of Woolner? Both claimed as mortgagees from Levy, but Wurmser's mortgage was nearly a year prior in point of time. Hence, then, apparently Wurmser's claim was paramount to Woolner's. But plaintiff contends that under the facts, as disclosed in the evidence, Wurmser lost the lien of his mortgage; that by reason of an alleged tender of the amount due from Levy to Wurmser the mortgage lien was extinguished. This contention arises out of the following:

It seems that the next day after Clary's levy of the Winn execution plaintiff's agent went to Wurmser's place of business, and, failing to find Wurmser, the agent made some kind of an offer to pay Wurmser's claim. The party in charge of Wurmser's store declined the responsibility of such a settlement and insisted the matter should await Wurmser's return. Much talk

was had, and it may be fairly concluded from the evidence that the matter was regarded as a mere proposition by the junior mortgagee to take up the senior incumbrance, and that the proposition should remain open for a day or two until Wurmser's return. The agent then went back to his principal, this plaintiff, at Peoria, Illinois, and in a few days Wurmser communicated an acceptance of the proposition, but plaintiff declined to stand by his agent's offer. And now this is claimed, with some show of sincerity, as a tender by Levy, the mortgagor. Even admitting this to have been a tender by Levy of the amount due on Wurmser's mortgage, it can avail nothing, since the tender was not kept good by payment of the money into court. Such a tender without the continued offer of the money by deposit in court does not extinguish the mortgage security. Jones, Chat. Mort., sec. 635, *et seq.; Campbell v. Seeley*, 38 Mo. App. 301; *Landis v. Saxton*, 89 Mo. 382-3.

Again, plaintiff contends that Wurmser abandoned his mortgage lien on the Levy goods, because he, Wurmser, requested Clary, the constable, to levy thereon the Winn execution. There is no merit in this position. To the extent of the goods thus seized by the constable ( at the request of Wurmser) it would seem that Wurmser did waive his mortgage lien ; but for the goods covered by Wurmser's mortgage, and which Clary did *not* levy on, there was clearly no abandonment or waiver of lien by Wurmser. And so was the matter treated by Clary and Wurmser, since in this action Wurmser only makes claim for the goods included in his mortgage which were not seized by Clary.

So, then, we conclude, on this branch of the case, that clearly Wurmser was the owner and entitled to the possession of all the goods included in his mortgage, excepting only those seized by Clary, the constable, to satisfy the Winn execution.

*Second.* But how stands the contest as between plaintiff Woolner and defendant Clary as to the articles levied upon to satisfy the Winn execution? It seems that here in matter of time Woolner's mortgage takes precedence of the Winn execution. Unquestionably now the Woolner mortgage was on file in the recorder's office even before the Winn judgment was entered by the justice of the peace. If the plaintiff's mortgage was a valid incumbrance then it held priority over the Winn execution, if said mortgage was filed for record before the levy of said execution. R. S. 1889, sec. 6305. This mortgage was filed for record not only before Clary levied the execution, but in fact before the *judgment* was rendered. So then Woolner's mortgage must prevail over the Winn execution, *unless* it is shown that Woolner's claim was a fraud, and not based on a genuine debt against Levy.

It would seem, from the nature of the court's instruction to the jury, that Woolner's claim against Levy was indubitably regarded as a fraud and a mere pretense. And this is where we think the trial judge erred. As to whether or not Woolner's mortgage was for an honest *bona fide* claim against Levy was, under the evidence, a matter for the jury's determination. If the evidence was all one way, then the court would be justified in declaring the fact; but, if there was a conflict, then it was for the jury, and not the court, to settle it. We have read this voluminous record, and while there are many suspicions attached to the alleged good faith of Woolner's mortgage claim, yet there is positive testimony of its genuineness. Indeed, from a review of the evidence contained in the bill of exceptions, we must say that a jury would be sustained if they found either way on that issue. We conclude then that error was committed in arbitrarily instructing the jury to find a verdict for defendant Clary.

*Third.* Much of plaintiff's brief is taken up with discussion of alleged error of the trial court in excluding

certain evidence, etc. We make the same response to this as in *Shockley v. Railroad* ( this day decided by us ), to-wit, that the motion for a new trial did not sufficiently call the trial court's attention thereto ; and since that court was not warned specifically of the alleged errors so that they might there be cured, we shall not consider such complaints here. The only complaint in the motion for a new trial relating to the matter of evidence is this : " Because the court erred in the trial of said cause in excluding legal and competent evidence offered by the plaintiff." Now in this record of quite one hundred pages there were a great many questions of evidence raised. How could the trial judge know from this motion as to what particular matter was complained of ? For reasons then set out in the *Shockley case,* we hold this ground in the motion for new trial too general, and decline now to pass on these questions of evidence presented in counsel's brief.

It follows then from what is here said, that we affirm the judgment as to defendant Wurmser, but reverse the judgment as to defendant Clary, and remand the cause for a new trial, in so far only as to the issues between plaintiff and said Clary. All concur.