ANNIE L. PAYNE, by her Next Friend, Appellant, v. MARY A. PAYNE, Respondent.

St. Louis Court of Appeals, March 5, 1894.

1. **Practice, Trial:** PRESERVATION BY MOTION FOR NEW TRIAL OF EXCEPTIONS TO RULINGS ON EVIDENCE. An exception to the reception of evidence will be preserved by a general allegation in the motion for new trial that the court admitted illegal evidence; it is not necessary to specifically point out in the motion the evidence in question.

2. **Instructions:** PRESENTATION BEFORE ARGUMENT. The trial court has the right to insist that all instructions should be presented at the close of the evidence and before argument to the jury begins.

3. **Husband and Wife:** TITLE TO CHATTELS PURCHASED BY FORMER. It does not follow that, because a husband purchased a chattel for the use of his family, the title thereto is in the members of the family; nor will title in the wife, as against her husband, necessarily result from the fact that he purchased a chattel for her use.

4. **Married Women:** GIFTS. The written assent of a married woman is not necessary to the validity of a gift of personalty, made by her and her husband jointly, to their child.

*Appeal from the Greene Circuit Court.*—HON. J. T.
NEVILLE, Judge.

REVERSED AND REMANDED.

*E. C. O'Day* for appellant.

*Wolf & Bowden* for respondent.

ROMBAUER, P. J.—The action is replevin touching
an organ which both the plaintiff and defendant claim
as their individual property by gift from W. F. Payne,
who is the plaintiff's father, and the defendant's former
husband. Upon a trial before a jury the defendant
recovered a verdict for possession or $40, the assessed
value of the article. The plaintiff appeals, and assigns
for error that the court admitted illegal evidence, erred
in its instructions to the jury, and also erred in over-
ruling an application for continuance, and refusing to
grant a new trial on account of newly discovered
evidence.

The organ was bought by W. F. Payne in Decem-
ber, 1881, according to the plaintiff's evidence, for the
use of the family, and according to the defendant's
evidence as a New Year's gift for herself. The plaintiff
lost her eyesight when thirteen years old, and there-
upon, since she was in the habit of playing on the
organ, it was, according to the plaintiff's evidence,
given to her by her father with the assent of the defend-
ant. According to the defendant's evidence it was
never given to the plaintiff at all, or, if given, not given
with the assent of defendant. In 1890 W. F. Payne and
the defendant were divorced, and the feeling between
them ever since was very bitter. They divided the
personal property between them, and the organ was
left with W. F. Payne in their former joint home. It

was first removed from there to another house into which Payne moved with his children, and, when he broke up housekeeping and took the plaintiff to a blind asylum in Nashville, Tennessee, it was stored by the plaintiff with some parties in Springfield, Missouri. While so stored one G. W. Jones sued out a writ of attachment against W. F. Payne, under which this organ was seized as the property of W. F. Payne. While the organ was in the possession of the constable, the attachment suit was dismissed and the defendant demanded the organ and obtained possession of it. There was some evidence tending to show that the attachment proceedings were instituted by collusion between the defendant and G. W. Jones to obtain possession of the organ. W. F. Payne, learning of these facts, caused the plaintiff to sue out this writ and retake the organ.

The court against the objection of the plaintiff admitted evidence of W. F. Payne's declarations before he bought the organ, that he was going to buy it as a New Year's present for his wife. This evidence was clearly irrelevant and mere hearsay. The defendant's counsel claims that the exception is not properly preserved by motion for new trial, because this particular evidence is not set out in the motion. It has not been the practice in this state to set out in full the evidence complained of in a motion for new trial. A general statement that the court admitted illegal evidence, or has excluded legal evidence, has always been held sufficient to save the exception to the admission or exclusion of evidence. An intimation to the contrary is found in *Woolner v. Levy*, 48 Mo. App. 475, but is not borne out by the current of authorities. The admission of this evidence was prejudicial. The character of both Wm. F. Payne and the defendant, who were the main witnesses of the opposing parties, was impeached

by evidence of their general reputation, and hence the admission of a declaration made by W. F. Payne in opposition to his testimony in court would necessarily prejudice the plaintiff's case. We may add that, while it is doubtful whether an exception has been properly saved to the admission of evidence touching W. F. Payne's conduct towards the defendant after the divorce, that evidence was also clearly irrelevant and should have been excluded.

Two instructions asked by the plaintiff were refused, on the ground that they were asked after the court had passed on the instructions, and while the argument to the jury was in progress. We see no error in this action of the court. The court has a right to insist that all instructions should be presented at the close of the evidence, and before the argument begins.

The court refused to give the following instruction, asked by the plaintiff:

"The court instructs the jury that, if they find and believe from the evidence that, at the time the personal property was divided between W. F. Payne and his former wife, Mary A. Payne, the organ in question was given to the plaintiff, Annie L. Payne, by her father, W. F. Payne, and the defendant assented to said gift at the time, that it was not necessary for the defendant to give her written (sic) assent in writing."

And the court gave the following instruction, asked by the defendant:

"The court instructs the jury that, in order to maintain replevin, the party instituting the proceedings must be entitled to the immediate and exclusive possession of the property in controversy. And, if the jury believe from the evidence that the entire family of said W. F. Payne, consisting of himself, his wife and the four children mentioned in the evidence, owned the organ in common then it devolves upon the plaintiff

to show that all of the members of said family, namely, W. F. Payne, Mary A. Payne and each and all of the sisters of the plaintiff as mentioned in the evidence, joined in the gift of the organ in controversy to the plaintiff, if you find that it was ever given to her; and, unless you find from the evidence that it was so given to the plaintiff by all the members of said family, in manner and form as above required, you will find the issues for the defendant."

We must hold that, under the peculiar facts of this case, the refusal of plaintiff's instruction and the giving of that of the defendant were erroneous. W. F. Payne bought the organ, according to his evidence, for the use of the family. This does not mean that he parted with the title of it to his wife and children; nor would it necessarily result that he parted with the title to his wife, because he bought it for her use. Now, in the case at bar there was evidence which supported the instruction asked by the plaintiff; and, if the jury found the facts as stated in that instruction, a written assent of the wife was not essential, because the gift to the plaintiff was the joint gift of her parents. On the other hand, there is no substantial evidence that the title to this organ ever was in the whole family, although the use of it was. Yet, as the plaintiff, who is a blind girl of fifteen or sixteen years of age, says that the organ before it was given to her belonged to papa and mamma and her sisters, the jury might have found against her on this instruction alone; for there is certainly no evidence in the case that her sisters ever parted with any title in the organ.

Since the judgment must be reversed for the admission of irrelevant evidence and error in the instructions, it is needless to examine into the action of the court in refusing a continuance, and refusing to grant a new trial on the ground of newly discovered

evidence.

All the judges concurring, the judgment will be reversed and the cause remanded. So ordered.