W. E. ROBBINS et al., Appellants, v. THE CHICAGO
& ALTON RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, June 8, 1908.

COMMON CARRIERS: Lien: Freight: Tender. A carrier has a
lien for his freight and therefore is entitled to possession, and a
mere tender which is not kept good is not sufficient to extin-
guish the lien.

Appeal from Jackson Circuit Court.—*Hon. John G.
Park*, Judge.

AFFIRMED.

*Bruce Barnett* for appellants.

(1) The court erred in giving the instruction in
the nature of a demurrer to plaintiff's evidence. It
was certainly a question of fact, which should have been
submitted to the jury, as to whether or not the rack
around the automobile complied with the requirements
of the rule of defendant's schedules in regard to rack-
ing or crating. Jones v. Railroad, 59 Mo. App. 137;
Blair v. Heibel, 103 Mo. App. 621; Keithley v. Inde-
pendence, 120 Mo. App. 255. (2) By tendering the
amount of freight charges actually due, the plaintiffs
extinguished and terminated the lien and are therefore
entitled to the possession of the machine, which is the
only question involved or which can be determined or
considered in this action in replevin. Moneieth v. Print-
ing Co., 16 Mo. App. 433.

*Scarritt, Scarritt & Jones* and *Charles M. Miller*
for respondent.

(1) The trial court had no jurisdiction to de-
termine whether or not the freight charges demanded
by respondent were overcharges or excessive and viola-
tive of rate fixed in accordance with the Interstate Com-
merce Act, and on file and approved by the Interstate

Commerce Commission. The Interstate Commerce Act expressly provided the means of redress, should the provisions of the Interstate Commerce Act be violated. Carlisle v. Railroad, 168 Mo. 656; Copp v. Railroad, 43 L. R. A. 514; 12 L. R. A. 725; 9 So. 441; Van Patton v. Railroad, 75 Fed. 981; Railroad v. Abilene C. & O. Co., 204 U. S. 425; 51 Law Ed. 553. (2) But if the trial court did have jurisdiction to determine the correctness of the freight charges (which respondent contends it did not), then there was no question of fact which should have taken the case to the jury on this point. Jackson v. Hardin, 83 Mo. 186; Rice v. McFarland, 41 Mo. App. 498; State to use v. O'Neal, 151 Mo. 89; Weaver v. Railroad, 60 Mo. App. 208. (3) Appellants' second contention is that by tendering the amount of freight charges actually due the appellants extinguished and terminated the carrier's lien and are therefore entitled to possession of the automobile. This contention respondent denies. The tender, if sufficient (which respondent denies) was not kept good by keeping the tender up or paying the money into court and the lien is not extinguished unless the tender is kept good and the peremptory instruction to find for defendant was justifiable on this ground alone. Woolner v. Levy, 48 Mo. App. 469; Landis v. Sexton, 89 Mo. 382; Knollenberg v. Nixon, 171 Mo. 445; Jones on Chattel Mortg., sec. 635.

ELLISON, J.—This is an action in replevin for the possession of an automobile. It was instituted before a justice of the peace, where plaintiff had judgment. The defendant appealed to the circuit court, where a trial was had which resulted in the court giving a peremptory instruction to the jury to find for the defendant.

The whole controversy is over a small difference between the parties as to the proper charge to be made

for freight on the machine.   It was shipped to plaintiff and on arrival at Kansas City defendant notified him. He tendered $91 for the freight and $1 for one day's storage, making $92.   The defendant refused this offer and claimed $101.60, and refused to give up possession without such payment was first made.   Plaintiff thereupon brought this action.

Conceding the evidence on the sufficiency of the crating made a case for the jury, yet the defendant, as a carrier, has a lien on the property for its freight. That lien has not been extinguished.   It is true plaintiff tendered the freight at the outset, but he failed to keep such tender good by deposit in court.   In such circumstances he is without right to the possession which he seeks to obtain, for the lien of the defendant carries with it the necessary right to the possession.   [Woolner v. Levy, 48 Mo. App. 469; Landis v. Saxton, 89 Mo. 382; Knollenberg v. Nixon, 171 Mo. 445.]

The judgment must be affirmed.   All concur.