OLIVE LITTLE v. HOOKER STEAM PUMP COM-
PANY et al.; SALLIE C. FARRAR, Appellant.

**Division One, June 14, 1910.**

**TRANSFERRING CAUSE TO SUPREME COURT: Wrong Opinion.**
A judge of a Court of Appeals, who is of the opinion that a
decision made by said court is in harmony with the last pre-
vious ruling of the Supreme Court on the point, has no authori-
ty to transfer the case to the Supreme Court on the ground
that he believes the former ruling of the Supreme Court to
be wrong.

Appeal from St. Louis City Circuit Court.—*Hon. C.
Orrick Bishop,* Special Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*R. L. McLaran* and *C. M. Farrar* for appellant.

*Joseph Barton* for respondent.

VALLIANT, J.—Plaintiff sued on two promis-
sory notes and recovered judgment for $487.60, the
aggregate amount found to be due on both notes.
Appeal was taken to the St. Louis Court of Appeals
where the judgment was reversed and the cause re-
manded with directions to render judgment for the
plaintiff for $410.07 with interest at eight per cent
from the date of the original judgment. The defense
in the case was usury. The trial judge found as a fact
that the agent of the plaintiff who made the loan for
her had demanded of the borrower and received from
him fifty dollars as commissions on one of the two
loans and thirty dollars on the other, but took each note
for the full amount of the loan, bearing interest at
eight per cent per annum. These sums were deducted

by the agent from the amounts of the loans and appropriated by him to his own use. The trial court found that the plaintiff did not in fact know that her agent had taken these sums as his commissions, and upon that finding adjudged that the defendants had not made good their plea of usury. When the cause reached the St. Louis Court of Appeals that court expressly following the rule laid down by this court in Western Storage & Warehouse Co. v. Glasner, 169 Mo. 38, held that the commissions taken by the agent made the transaction usurious, and reversed the judgment and remanded the cause with directions to deduct from the aggregate amount which the trial court found due on both notes, the sum of eighty dollars, that is, fifty dollars on one note and thirty dollars on the other, and render judgment for $410.07 with interest as above stated. The opinion was written by Judge BLAND and the other judges concurred, but one of them filed a separate opinion in which he said: "I concur in the opinion in this case for no other reason than that under the Constitution of Missouri it is my duty to do so, inasmuch as the decision of the Supreme Court of the State in Western Storage Company v. Glasner, 169 Mo. 38, seems to be in point, and it is a controlling authority in this court." The separate opinion then goes on to show how in the opinion of the writer thereof the opinion of this court in the case above mentioned is wrong, and cites a former decision of this court, Landis v. Saxton, 89 Mo. 375, which was rendered several years before the present statute, on which the decision in Western Storage Co. v. Glasner, 169 Mo. 38, was founded, was enacted, and cites also a decision of the Supreme Court of the United States founded on an Iowa statute very different from ours. [Call v. Palmer, 116 U. S. 98.] The Supreme Court of the United States in the case cited was not construing our statute, nor a statute embracing the material features of ours, and, even if it were, it would not be controlling

authority on the construction of a statute of this State, contrary to a decision of this court. The same section of our State Constitution which authorizes a Court of Appeals to certify a cause to this court, when one of the judges deems its decision contrary to a previous decision of this court, concludes with saying: "and the last previous ruling of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said Courts of Appeals."

In the case before us the judge at whose instance this cause was certified here does not deem the opinion, in which he feels constrained to concur, in conflict with the case cited as the last previous ruling of this court. On the contrary he says: "it seems to be in point and it is a controlling authority," yet he asks that the cause be sent here because in his opinion the decision of this court is wrong. Under the circumstances there was no authority in law for the transference of this cause to this court. The cause is therefore returned to the St. Louis Court of Appeals. All concur.