HUMPHREYS MERCANTILE COMPANY, Appellant, v. MAUD WALKER, Respondent.

Springfield Court of Appeals, May 6, 1912.    Motion for Rehearing Denied, June 3, 1912.

1. LANDLORD AND TENANT: Attachment: Action for Rent on House: Tender. In an attachment suit by the landlord against a tenant for rent due on a house in a town or city, it is a sufficient defense to show that all the rent was tendered before the suit was brought and that the tender was kept good by deposit after suit.

2. ———: **Liens: No Lien for House Rent.** The landlord has no lien for rent on a house in a town or city. The statute, section 7888, Revised Statutes 1909, confines the lien for rent to crops grown upon agricultural land.

3. **DEBTOR AND CREDITOR: Payment: Tender.** Where a debtor before a suit tenders all that he owes and when brought into court keeps his tender good by a deposit with the proper officer, such tender and deposit amount to a payment, at the time of deposit, although the creditor did not accept it.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

Affirmed.

*Bates & Stewart* for appellant.

(1) In a suit by landlord against the tenant for a non-payment of rent, one of the grounds of the attachment is that the rent was due and unpaid at the time the suit was filed and that demand for payment had been made before the suit was filed. R. S. 1909, sec. 7896. The payment of the thirty dollars and costs that had accumulated up to that time to the constable after the suit was filed is a conclusive admission not only that she owed the thirty dollars, but that she owed the costs also. Voss v. McGuire, 26 Mo. App. 452; Transfer Co. v. Neiswanger, 27 Mo. App. 357. (2) The payment of costs therefore, to the constable after the suit was filed is an admission in effect that no offer to pay the thirty dollars had been made previous to the bringing of the suit, for if she had so offered no costs would have been owed. R. S. 1909, sec. 7451. (3) If defendant, respondent herein, had not desired to make an admission that this debt was due and unpaid and that she was liable for the costs that had accumulated at that time she could have taken advantage of sections 7454 and 7455, Revised Statutes 1909.

*W. R. Shuck, A. M. Baird* and *R. M. Sheppard* for respondent.

(1) The statutes of the state of Missouri giving the landlord authority to issue a writ of attachment to enforce the collection of his rent when the same is due, unpaid and demand had been made therefor replaced the common law right of distress for rent. R. S. 1909, sec. 7896; 9 Am. and Eng. Ency. Law, 619. (2) Under the common law the right of distress for rent did not exist after a legal tender by the tenant of the rent due, though the tender was not made until after rent became due. 9 Am. and Eng. Ency. Law, 629; 28 Am. and Eng. Ency. Law, 14; Tiffany v. St. John, 22 Am. Rep. 616. (3) It is a general rule of law that where a person has a lien as a collateral right, to enable him to enforce the payment of a debt, tender of the full amount of the debt destroys the lien. Courtright v. Canty, 21 N. Y. 366.

COX, J.—This action was begun by attachment before a justice of the peace for rent due upon a building in the city of Webb City. Plaintiff alleged the debt to be sixty dollars, secured a writ of attachment upon affidavit that the rent was due and unpaid after demand therefor, and the writ was levied upon certain personal property belonging to defendant and located in the building. Defendant filed a plea in abatement alleging that the amount of rent due was but thirty dollars and tender of that was made before suit and plaintiff had refused to accept it. Defendant was successful in the justice court and plaintiff appealed. On trial of the plea in abatement in the circuit court, the court struck out the testimony of defendant that she had tendered thirty dollars to plaintiff before suit and peremptorily directed the jury to find for plaintiff on the plea in abatement. Upon trial upon the merits the jury found for plaintiff for thirty dollars

only, and also found that defendant had tendered that amount to plaintiff before the suit was brought. On motion of defendant, a new trial was awarded upon the ground that the court had erred in the trial on the plea in abatement in excluding the testimony of defendant relating to the tender before suit. Plaintiff has appealed from the order granting a new trial.

It was admitted upon the trial that defendant after being sued in the justice court and before trial, deposited with the constable for plaintiff thirty dollars and all accrued costs. This appeal presents this question. Is it a defense to an attachment by the landlord against a tenant for rent due on a house in a town or city to show that all the rent was tendered before the suit was brought and that the tender was kept good by deposit after suit? We think it is. In a case of this kind the landlord has no lien for his rent. That is confined to the crops grown upon agricultural land. [R. S. 1909, sec. 7888.] There was no lien to foreclose in this case and the only way plaintiff could secure a lien before trial would be by levy of the attachment writ, and if plaintiff was in the wrong at the time the writ was levied, it could not be permitted to take advantage of its own wrong. If defendant tendered all that was due, it was plaintiff's duty to accept it. Defendant did all she could to pay this debt by tendering all she owed and when brought into court she kept her tender good by a deposit with the constable which at that time became a payment although plaintiff did not accept it. [Voss v. McGuire, 26 Mo. App. 452; Kansas City Transfer Co. v. Neiswanger, 27 Mo. App. 356.]

To uphold the attachment under such circumstances would place a landlord in position to oppress his tenant by forcing him to pay whatever was demanded or suffer the loss that would result from having his property taken away from him by attachment and retained in the custody of the officer until the liti-

gation should be ended. The statute authorizing an attachment for rent due and unpaid was not intended to permit such consequences as that. It is contended by appellant that tender is not payment and the only thing that can deprive plaintiff of its right to attach under section 7897, Revised Statutes 1909, is payment, and we are cited to Robbins et al. v. R. R., 132 Mo. App. 306, 111 S. W. 1179; Landis v. Saxton, 89 Mo. 375; Hudson v. Glencoe Gravel Co., 140 Mo. 103, 41 S. W. 450; and Knollenberg v. Nixon, 171 Mo. 445, 72 S. W. 41, as sustaining that position. Those cases, and others which might be cited, are cases in which the property was subject to a lien before tender of the debt and the tender was not kept good by deposit in court and under those circumstances it was held that tender did not destroy the lien. But in discussing the question it is said that in order to destroy the lien the tender must be kept good by a deposit in court or with the proper officer. Thus holding, *arguendo,* that a tender which is kept good by subsequent deposit does destroy the lien that existed before the tender was made. Surely then it should prevent the party from securing a lien after tender, and so those cases instead of being opposed to our position here are in harmony with it. Judgment affirmed. All concur.