# OCTOBER TERM, 1860, AT DETROIT.

### Johannah Moynahan v. Stewart Moore.

Where a tender, sufficient in amount to discharge a mechanic's lien for the repair of personal ¹property , was made on condition that the property be delivered up, and the only objection made to the tender was that the amount was insufficient;—*Held*,¹That the tender was not vitiated by the condition.

One who makes a sufficient tender in such case, and then brings replevin for the property, is not obliged, in order to keep the tender good, to bring the money tendered into court. The lien being discharged by the tender, the mechanic can thereafter only rely upon the personal responsibility of his employer.

*Heard· October 9th. Decided November 14th.*

Error to Wayne Circuit. The case is sufficiently stated in the opinion.

*H. A. Morrow*, for plaintiff in error, cited in support of his position that the tender was sufficient, 4 *Man. & Gr.* 574; *Peak's Cas.* 88, 179; 8 *M. & W.* 298; 34 *Me.* 283; 3 *Bing. N. C.* 869; 8 *Barb.* 408.

*L. Bishop*, for defendant in error:

The tender being conditional was not good:— 3 *Camp.* 70; 4 *Camp.* 1:6; 6 *Taunt.* 336; 20 *Wend.* 47; 8 *Barb.* 408; 23 *Barb.* 490; 2 *C. & P.* 50, 51; 6 *C. & P.* 237; 3 *Bing.* 304. But if good, it must be kept good by bringing the money into court:—3 *Cow.* 336; 12 *Wend.* 393; 14 *Wend.* 221; 23 *Wend.* 341; 2 *Hill,* 538; 12 *Mass.* 450; 3 *Pick.* 48; 24 *Pick.* 168; 24 *Vt.* 536; 25 *Penn. St. R.* 354; 2 *Gilm.* 679; 12 *Ill.* 86; 16 *Ill.* 262; 10 *E. L.*

9 Mich.—B

& E. 513; 12 La. An. R. 266 ; 1 E. D. Smith, 197; 16
N. Y. 582; 21 Ill. 578; 1 H. Black. 24; 1 B. & P. 382;
3 B. & P. 603; 6 Taunt. 336.

Martin Ch. J.:

The plaintiff employed the defendant to repair a car-
riage, and the defendant retained the carriage under a
mechanic's lien for the amount due him for making such
repairs. To obtain possession of the property the plaintiff
tendered, as the jury finds, sufficient to discharge the lien.
This tender necessarily operated to release the property,
and the plaintiff was entitled to immediate possession of it.
That such would be the effect of an unconditional tender
is not doubted; but as the tender in this case was made
upon condition that the carriage should be delivered up,
it is thought that it has not such effect. A tender made
to procure the possession of property can hardly be called
conditional because it is accompanied with a demand for
the property. But it does not appear that any objection
was made to the tender by the defendant, except for
insufficiency — he demanding more than the sum offered;
and as the jury find that sufficient was tendered, the tender
was good, even were the strictest rule to prevail; upon
the well established principle, that an objection made at
the time of tender precludes all others, and if that be not
well grounded, the tender will be held good.

It is claimed that the want of the money in court
obviates the effect of the tender. Were this an action by
Moore to recover compensation for the repairs, the want
of the money in court would render the tender nugatory;
as the effect of tender in such cases is to stay interest
and relieve from costs, and therefore the party making
the tender must always have the money within reach of
his creditor. But in this case, the tender having once
operated to discharge the lien, it was gone forever, and
nothing could revive it. The reasons which require the

money to be brought into court do not apply in such a case. By refusing to receive the money tendered, the defendant lost his lien, and can only rely upon the personal liability of the plaintiff.

The judgment is reversed, and a new trial granted.

The other Justices concurred.