### Clarissa Collar v. John Harrison.

*Statute construed: Penalty for refusing to discharge a mortgage: Jurisdiction: Amount.* The statute (*Comp. L.*, § 4246), authorizing the recovery of the penalty of $100 upon a bill filed to procure a discharge of a mortgage, in case of refusal, after a proper tender and request, to discharge the same, applies to all mortgages, whether large or small; and where the amount unpaid and tendered was less than $100 the jurisdiction is not affected by the statute (*Comp. L.*, § 5059) requiring the dismissal of all equity causes "where the matter in dispute shall not exceed one hundred dollars."

*Equity: Jurisdiction: Amount.* Whether where the mortgage was originally for over two hundred dollars the bill would not lie without the statute:—*Quære?*

*Practice: Double costs.* The question of double costs under this statute will more properly arise on the final hearing in the circuit than on an appeal from a decree on demurrer.

*Heard January 9. Decided January 13.*

Appeal in Chancery from Wayne Circuit.

*Moore & Moore,* for complainant.

*Henry M. Cheever,* for defendant.

CAMPBELL, J.

Complainant filed her bill to compel a discharge of a mortgage, and obtain the damages allowed by law for its refusal. The amount remaining unpaid on the mortgage and which was tendered was less than one hundred dollars; and demurrer was put in, objecting to the jurisdiction on that ground, under *section 5059 of the Compiled Laws,* requiring the dismissal of all equity causes, "where the matter in dispute shall not exceed one hundred dollars."

By *section 4246 of the Compiled Laws,* every mortgagee who neglects or refuses, after a proper tender and request, to discharge a mortgage, is liable to one hundred dollars damages in addition to any actual damages caused by his neglect or refusal; and while this was formerly collected by an action on the case, the section referred to allows it to be done "upon a bill filed to procure a discharge or release of such mortgage."

This section contains no exceptions, and is in terms applicable to all mortgages, whether large or small. A bill in equity is the only adequate remedy for clearing encumbrances, and there is nothing which would warrant us in creating an exception which would leave no sufficient course open to the aggrieved party. As the mortgage was one originally of over two hundred dollars, and cannot be discharged piecemeal on the records, it would have been a great stretch of technicality to assume that the bill would not have been sufficient without the statute. There was no foundation for the demurrer.

The question of double costs will more properly arise on the final hearing at the circuit. The decree below must be reversed, and the defendant must answer in thirty days. The complainant is entitled to the costs of this court, and

to twenty dollars, single costs of the hearing on demurrer, without prejudice to the increase thereof on future taxation, should she make out her case at the circuit.

COOLEY J., and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.