## Charles T. Barnard v. John Harrison.

*Mortgages : Discharge : Statutory penalty : Annual interest : Payments : Tender : Computation.* Where payments of annual interest upon a mortgage have been received shortly after due, with the understanding between the parties that they should be accepted in full satisfaction of the yearly interest, a subsequent assignee, who purchased after maturity of the mortgage, is held liable to the statutory penalty for refusing to release the mortgage upon a tender of the amount due computed upon that basis, although the tender was insufficient by strict computation, applying the payments at large.

*Heard July 9.    Decided July 14.*

Appeal in Chancery from Wayne Circuit.

*Moore & Moore,* for complainant.

*Henry M. Cheever,* for defendant.

GRAVES, CH. J.

This bill was filed to compel the discharge of a mortgage and to recover the penalty given for a refusal after tender of the mortgage debt.—*Comp. L.,* § *4246.*

The defendant answered, and proofs having been taken, the circuit court dismissed the bill on the hearing.

The only question is whether the amount offered in payment by complainant was sufficient. Complainant made the mortgage on the 24th of January, 1870, to one Butler, for three hundred dollars, payable in three years, with annual interest at ten per cent. He gave his note with it. Three payments of thirty dollars each were made upon it by complainant to Butler, the mortgagee; the first, March 28, 1871; the second, January 23, 1872; and the third, January 18, 1873. On the 20th of May, 1873, and after the securities had become due, Butler assigned to the defendant. On the 2d day of June, 1873, complainant tendered to defendant three hundred and eleven dollars to satisfy the demand, and asked defendant to execute and ac-

knowledge a discharge. But the defendant refused to accept the tender, and declined to sign any discharge, and after a lapse of seven days this suit was commenced.

By strict computation, it appears that if the payments are applied at large, and so as not to have effect as though they had occurred exactly at the times specified for the payment of interest, the sum offered by complainant fell short a trifle from the sum called for by the papers. But complainant claims that Butler, who continued owner when the payments were made, and until after the papers were past due, actually received each payment in satisfaction of the year's interest, and as though made on the 24th of January; and I think the evidence leads to that conclusion. As the papers were assigned to defendant after maturity, he of course took them subject to such reductions as the truth in regard to previous payments required; and the first circumstance to be noticed is that the assignment from Butler to defendant on the 20th of May, 1873, stated that there was claimed to be due at that time three hundred and ten dollars. It would seem, then, that Butler when selling, and the defendant when buying the papers, did not suppose that any larger sum was called for at that time. If Butler was correct in this statement to the defendant, then the amount offered to defendant by complainant on June 2d was within a *very few pennies* of the true sum. But we think it is reasonably certain that the respective payments of thirty dollars were actually made and received in full satisfaction of the interest for the three years. The sum paid each time corresponded exactly with the year's interest, and neither time of payment was very remote from the time fixed for payment. The first, it is true, overran the time given some two months, but each of the others was slightly in advance; and the testimony tends to show, what the probabilities strongly favor, that in point of fact it was understood between Butler and complainant that each payment was in satisfaction of the year's interest. If such was the case, and we think it was, then

30 MICH.—2.

.the sum offered on the 2d of June was enough to satisfy the mortgage. Without going further into details, it seems to us that the defendant has made himself subject to the statutory penalty.

The decree below must be reversed, and a decree entered here for a discharge of the mortgage and for the penalty of one hundred dollars.

The complainant will recover his costs in both courts.

We do not consider that the circumstances warrant us in awarding double costs.

The other Justices concurred.