## Lewis Potts v. Porter Plaisted and others.

*Mortgages: Tender.*  A tender of the amount due upon a mortgage, if made in such a manner that the holder of the mortgage understands it at the time as a present, absolute and unconditional tender thereof, operates, *ipso facto*, to discharge the lien of the mortgage, though the tender be not thereafter kept good.

*Mortgages: Tender: Proofs.*  In view of the serious consequences to the holder of a mortgage of his refusal of a tender, and of the strong temptation to contrive merely colorable or sham tenders, not intended in good faith, the evidence should be full, clear and satisfactory that the tender was made in good faith, and was understood by such holder to be a present, absolute and unconditional tender, intended to be in full payment and extinguishment of the mortgage, and not dependent upon his first executing a receipt or discharge, or any other contingency.

*Mortgages: Tender: Amount due: Opportunity to make calculation.*  The holder of a mortgage to whom a tender is proposed to be made, is entitled to a reasonable opportunity to look over the mortgage and accompanying papers to calculate and ascertain the amount due; and if such papers are not present, he must be allowed a reasonable time to get them and to make the calculation; he is not bound, under the penalty or at the hazard of losing his entire debt, to carry at all times, in his head, the precise amount due on any particular day.

*Evidence: Tender.*  The evidence in this case does not satisfactorily show that the complainant was made fairly and clearly to understand the transaction, relied upon to establish the defense, as a present, absolute and unconditional tender.

*Heard July 22.    Decided July 24.*

Appeals in Chancery from St. Clair Circuit.

Three cases between the same parties, and resting upon the same facts, were heard and decided together.

*Harris & Harrington* and *A. E. Chadwick,* for complainant.

*Taggart & Simonds* and *D. Darwin Hughes,* for defendant Hazen.

CHRISTIANCY, J.

In each of these cases the bill is to foreclose a mortgage, and the only defense relied upon, against a decree of foreclosure and sale, was a tender of the amount due upon the respective mortgages before the filing of the bill, and the consequent discharge of the lien of the mortgage.

The only question, therefore, is one of fact, to be decided upon the evidence in the record, whether a tender was made of the amount due upon the respective mortgages, in such manner that complainant, the holder of the mortgages, understood it at the time as a present, absolute and unconditional tender of the amount, and that it was intended to be then and there paid down in extinguishment of the mortgages. If such a tender was clearly proved, the lien of the mortgages was thereby, *ipso facto*, discharged, and complainant could only look to the personal responsibility of the parties liable for the mortgage debt; and this, though the tender was not kept good, so that complainant might have taken the money had he subsequently concluded to do so.—*Moynahan v. Moore, 9 Mich., 9; Carathers v. Humphrey, 12 Mich., 270; Van Husan v. Kanouse, 13 Mich., 303.*

In view of the serious consequences to the holder of a mortgage, upon the refusal of a tender—consequences which may often amount to the absolute loss of the entire debt—and in view of the strong temptation which must exist to contrive merely colorable or sham tenders, not intended in good faith, we think the evidence should be so full, clear and satisfactory, as to leave no reasonable doubt that the tender was so made that the holder must have understood it at the time to be a present, absolute and unconditional tender, intended to be in full payment and extinguishment of the mortgage, and not dependent upon his first executing a receipt or discharge, or any other contingency. And the holder must, in every case, have a reasonable opportunity to look over the mortgage and accompanying papers, to calculate and ascertain the amount due; and if such papers are not present, he must be allowed a reasonable time to get them and make the calculation. He cannot be bound, under the penalty or at the hazard of losing his entire debt, to carry at all times, in his head, the precise amount due, on any particular day.

In view of these principles, we have carefully examined the evidence in these cases, and we are not satisfied, what-

ever may have been the intention of the parties attempting to make the tender, that the complainant was made fairly and clearly to understand the transaction as a then present, absolute and unconditional tender of the amount due upon the respective mortgages, not dependent upon his first executing a receipt or discharge. The mortgages were not present, nor in complainant's hands, but had been left by him, and then were, in the hands of Mr. Harris, at Port Huron, some miles away. And though it does not clearly appear that complainant made any objection to the amount, it does appear that he had no opportunity at that particular time to examine the papers, and his objection, or at least one of his objections, to receiving the money then, was that he had not the mortgages there, but that they were in Harris' hands, in Port Huron. We think, also, there is much reason for believing that complainant understood the final conclusion of the defendants, seeking to make the tender, to be, that they would leave the money on deposit for him in Port Huron, which they failed to do, and that he could come up and get it, and discharge the mortgages.

We are not, therefore, satisfied that the defense of tender is fairly established by the evidence. The decree of the court below for foreclosure and sale must, therefore, be affirmed, with costs.

The other Justices concurred.