Campbell, J.:
Sager, as mortgagee of certain lands in Kalamazoo county, filed the bill in this cause to redeem a prior mortgage. The bill was dismissed and he appeals.
*In August, 1864, Nelson Tupper and Lorena Tupper, his wife, executed a mortgage to Nelson Eldred to secure eleven hundred dollars, payable in four years with interest at eight and a half per cent. This covered one hundred and sixty acres of land, consisting of four contiguous forty-acre lots. On the 29th of October, 1866, the mortgagors conveyed one of these lots to Silas Tupper and Olive Tupper, his wife, their son and daughter-in-law, for a consideration of four hundred dollars actually paid or secured. This lot intervened between one of the forty acre lots remaining and the other eighty acres.
On the 20th of November,. 1867, Nelson Tupper and wife mortgaged to complainant the one hundred and twenty acres not sold to Silas and Olive Tupper to secure fifteen hundred dollars with interest at ten per cent., payable part in one year and part in four years.
Four hundred dollars of principal was paid on the Eldred mortgage, and interest was paid on it to the date of its maturity, August 18, 1868. The testimony does not clearly show further payments. On the 21st of February, 1871, Eldred assigned the mortgage to Amasa L. Clark. Clark did not record the assignment, but began a statutory foreclosure in Eldred’s name, and on the 10th of January, 1873, bid off the whole one hundred and sixty acres in one parcel for ten hundred and twenty-six dollars, which was considerably in excess of the amount due, but which he asserted as the correct amount. Complainant attended and protested at the sale, insisting on a sale in parcels, and upon other assumed rights which were disregarded. •
Some time in 1873, or very early in 1874, Clark assigned his claim to defendant John S. Harrison. In the view we take of the case the date is not very important. Harrison was called upon by complainant a day or two before the statutory redemption would have run out, for the purpose of making *130 redemption on proper terms and according to complainant’s equities. Harrison refused to deal with him, and informed him he had extended the time of payment five *years. Complainant deposited the statutory redemption money with the register of deeds and filed this bill.
It is quite plain that'Harrison’s extension of time was directly calculated to defraud complainant and prevent him from clearing the way for the safe foreclosure of his own mortgage. Complainant had shown an honest desire to settle up the prior incumbrance, and it was important for his interests to do so. Although the statutory foreclosure was void, he deposited the full sum necessary to meet its redemption, and filed this bill with an offer to redeem on such terms as should be equitable. The defendants in their answer do not offer to .accept that or any other sum; neither do they set forth the amount which they claim to have been unpaid. They refuse all settlement and assert their reliance on the five years’ extension.
Complainant claims that the forty acres 'of land conveyed to Silas and Olive Tupper, being outside of his mortgage, should be first resorted to before the remainder is charged, and this allowance, if made, will make his mortgage a better, if not a first security. But we have not been able to comprehend the basis of this supposed equity. That lot was sold before complainant received his mortgage, and was not sold subject to any obligation towards the relieving of the other parcels. On the foreclosure of the Eldred mortgage, upon the settled principles of equity, complainant, instead of being preferred, would be postponed to the owners of that lot, and it could not be sold until the parcels mortgaged to him were first disposed of. As to complainant the Eldred mortgage must all be charged as a prior lien, undiminished by any resort to the tract not included in his mortgage. That lot need not be considered in this suit, as complainant has no concern with it.
But the statutory foreclosure was unquestionably void. Complainant had an absolute right, 'at any time after the Eldred mortgage became due, to redeem it and be subrogated *131 to it until Ms own mortgage should be paid up with it, and his entire claim refunded. It was not in the power of any *one to deprive him of this right, which was a necessary incident to his contract. He had also a right to get rid of the apparent cloud of a foreclosure, which, upon its face, whether technically .valid or not, was not so manifestly bad as to do no harm to his subsequent security. He had a right to know from the holder of the mortgage how much was due on it, and as he was not himself the debtor, he could not know the amount without such information. The defendant Harrison refused to deal with him at all, or to recognize his right to redeem, insisting that for five years no redemption was allowable.
If complainant had made an absolute tender, the mortgage would have been discharged by it. There is no doubt in our minds that he was willing and anxious to close the matter up, but he seems also to have been disposed to claim some allowance for the exempt forty acres, and it is difficult to make out such a plain equity as will entirely release the land.
But he deposited more money than was required to pay the mortgage, and upon this he lost interest during the pendency of the suit. If defendants had shown any willingness to accept their due, and had not refused to allow redemption on any terms, they could have had an opportunity of obtaining payment out of this fund. But their course made it necessary for complainant to leave his deposit untouched until the termination of the cause. They have caused this loss to him, and it would be unjust to compel him to pay any interest which has accrued during the time when they have refused to receive it and contested the redemption. They have occupied this hostile position without any just reason.
We think there is much reason to believe there have been payments on the Eldred mortgage not appearing in the record. The terms of the five years extension seem to imply that the back interest was nearly paid up. But without production of the mortgage and note and an investigation into the facts this cannot be determined.
^Complainant is entitled to redeem on payment of *132 seven hundred dollars and such interest thereon as accrued and was unpaid between August 18, 1868, and the commencement of suit, and to a reference to ascertain if any of that interest has been paid. Upon the coming in of the report he must be allowed to redeem at any time within six months from its confirmation by paying the sum reported due, less the costs of the circuit court and of this court, with interest from the date of such confirmation. The decree below must be reversed, with costs of both courts, to be deducted as aforesaid, and a decree entered in accordance with the above directions, and the ease remanded to the court below in order that such decree may be carried into effect.
The other justices concurred.