### ALBERT E. COWLES v. JOHN P. MARBLE.

*Refusal to Discharge Mortgage.*

An instrument of conveyance that on its face purports to be given to secure a payment, is merely a mortgage.

The omission of the power of sale from a mortgage merely limits the mode of foreclosure to that by bill in equity.

A right of redemption can be cut off only by a proper conveyance under the statute of frauds.

The statutory penalty for refusing to discharge a mortgage is recoverable in equity on a bill to redeem.

A tender stops interest, but does not discharge the debt.

The redemption of a mortgage will not be decreed on any terms other than the payment of the mortgagee's claim.

Appeal from Ingham. Submitted June 13. Decided June 20.

BILL TO REDEEM A MORTGAGE in the form of a deed. The case was tried below on pleadings and proofs, and the bill dismissed with costs by the court.

*Cowles & Cahill* for complainant and appellant. A deed given to secure the payment of money is a mortgage (3 Leading Cases in Equity, 624–628, and cases there cited; *Wadsworth v. Loranger*, Har. Ch., 113; *Emerson v. Atwater*, 7 Mich., 22; *Comstock v. Howard*, Wal. Ch., 110; *Batty v. Snook*, 5 Mich., 231; *Enos v. Sutherland*, 11 Mich., 538; *Cornell v. Hall*, 22 Mich., 377) whether there is a promise to repay or not; and "once a mortgage, always a mortgage." The right of redemption can be released only for a valuable consideration; a subsequent agreement tending to defeat or impair it, will be as invalid as if made contemporaneously with the execution of the mortgage (3 Leading Cases in Equity, 608, 625, 643; *Patterson v. Yeaton*, 47 Me., 308; *Clark v. Condit*, 18 N. J. Eq., 358; *Perkins v. Drye*, 3 Dana, 177; *Hyndman v. Hyndman*, 19 Vt., 13; *Russell v. Southard*, 12 How., 155; *Holridge v. Gillespie*, 2 Johns. Ch., 34; *Rice v. Dewey*, 54 Barb., 455). The deed from Dean to Marble operated as an assignment of the mortgage (*Niles v. Ransford*, 1 Mich., 343; *Ellison v. Daniels*, 11 N. H., 274; *Thayer v. McGee*, 20 Mich., 195, 208). Refusal of a tender of the amount due on a mortgage discharges its lien on the land (*Caruthers v. Humphrey*, 12 Mich., 270, 277; *Van Husan v. Kanouse*, 13 Mich., 303, 313; *Kortright v. Cady*, 21 N. Y., 343; *Flanders v. Chamberlain*, 24 Mich., 310; *Eslow v. Mitchell*, 26 Mich., 500; *Green v. Langdon*, 28 Mich., 227–8; *Collar v. Harrison*, 30 Mich., 66; *Potts v. Plaisted*, 30 Mich., 149; *Sager v. Tupper*, 35 Mich., 134).

*Dart & Shields* for defendant and appellee.

CAMPBELL, J.   This is a bill to redeem a mortgage. The facts are very simple, and involve no difficulties.

On the 27th of March, 1860, one George I. Parsons made a conveyance to Almond R. Dean of the land in contro-

versy "to secure the payment of four hundred and sixty-eight dollars to said Dean by Abner E. Richardson, on or before the first day of September [then] next." In 1870 Dean conveyed the land to defendant Marble. In 1874 Parsons and Richardson, who had an equitable interest in the property, made sale and conveyances to complainant. On the 8th day of May, 1874, Cowles made a tender to Marble of $1,181.00, which was the full amount due on the mortgage, and demanded a release, but Marble refused to accept the money or discharge the mortgage.

The defense is that the instrument was a deed and not a mortgage, and that there was after its date a parol admission of the absolute title of the grantee and a renunciation of any rights in the land.

As this instrument purports on its face to be given to secure the payment of a certain sum of money, it is a mortgage, and nothing else. The omission of a power of sale would only serve to prevent a foreclosure by any other means than a bill in equity; and the doctrines applicable to such instruments are too familiar to bear discussion. There is nothing in the case to show any valid contract or any equitable reason for cutting off the redemption, which could only be done by a proper conveyance under the statute of frauds, and which was neither agreed to in that way nor based on any consideration if attempted to be made verbally. The only facts bearing on such a theory seem to be that one of the parties interested was ignorant of his rights, and assumed they were forfeited, but never agreed to give them up.

The tender of the amount due authorized complainant to have a discharge, and the refusal of the discharge entitled him to the statutory penalty, which may be recovered in equity on a bill to redeem. *Collar v. Harrison*, 28 Mich., 518; *Same v. Same*, 30 Mich., 66; *Barnard v. Harrison*, 30 Mich., 8.

It is urged that the tender removed the lien, and that complainant is entitled to have the mortgage discharged without any further payment. If the mortgagee had sought

to foreclose, we have held that a tender would be a good defense. *Caruthers v. Humphrey*, 12 Mich., 270; *Van Husan v. Kanouse*, 13 Mich., 303; *Eslow v. Mitchell*, 26 Mich., 500; *Potts v. Plaisted*, 30 Mich., 149; *Flanders v. Chamberlain*, 24 Mich., 305.

But a party seeking equitable relief as a complainant must be prepared to do equity. Equity requires that the mortgagee should have his money, and no redemption will be decreed on any other terms. A tender will stop interest, but it does not discharge a debt.

Complainant is entitled to redeem by paying the amount tendered, less the statutory penalty of $100 and the costs of this court and of the circuit court, and on such payment to have the mortgage discharged by proper deed of release. In case of non-payment of the money within three months from the entry of decree, the land must be sold in analogy to foreclosure sales.

The decree must be reversed, and a decree entered in this court in accordance with these directions, and remitted to the circuit court for execution if redemption is not made within three months as aforesaid.

The other Justices concurred.