ADELLE ENGLE v. JAMES H. HALL.

*Tender—Demand for discharge of mortgage*

Where the discharge of a mortgage is demanded on the ground of a tender, the evidence of tender must be clear and put defendant plainly in the wrong, especially where demand is made for the statutory penalty.

The purpose of the penalty imposed by statute for refusing to discharge a mortgage on tender of the amount due, is not only to indemnify the mortgagee for his trouble but to act as a punishment.

Costs as for a full hearing are granted on the submission of a case on briefs.

Appeal from Huron. Submitted October 29. Decided November 10.

BILL to compel discharge of mortgage and payment of statutory fine for refusing to discharge it on tender of the amount due. Complainant appeals. Dismissal affirmed.

*Geo. S. Engle* and *Winsor & Snover,* for complainant.

*James H. Hall* and *Atkinson & Atkinson,* for defendant.

COOLEY, J. This is a bill filed by the owner of the equity of redemption in certain lands, to compel a mortgagee thereof

to discharge the mortgage and to pay the statutory penalty for a previous refusal to do so. The grounds on which the discharge is demanded are *first*, that the amount due has been tendered to the mortgagee and its acceptance refused; and *second*, that the lien of the mortgage is discharged by an arrangement between the mortgagor and mortgagee, whereby the latter, after complainant became owner of the land, and without her consent or knowledge, gave an extension to the mortgagor in consideration of money then paid to him.

The fact of an extension in consideration of a payment of money is not made out on a preponderance of evidence, and we pass that part of the case without further notice. Regarding the tender, defendant says in his answer "that the amount tendered by said complainant was not sufficient to pay the amount due for principal and interest on said mortgage, but this defendant to avoid trouble offered to receive the same and to discharge the mortgage, and he now renews his offer to do so."

When the discharge of a mortgage is demanded on the ground of a tender, the evidence in support of the tender ought to be very clear and satisfactory, and ought to place the defendant distinctly in the wrong. *Potts v. Plaisted* 30 Mich. 149 Especially should this be the case when the statutory penalty is demanded; for although this is paid to the complainant in consideration of his trouble and annoyance, it is meant also for a punishment. In this case we do not find the evidence satisfactory. The case rests in the main upon the testimony of defendant and of complainant's husband, and the one makes quite as good a showing in his own discharge as the other does in support of complainant's case. And much reason is found in the record for believing that personal feeling, rather than any substantial difference between the parties respecting their rights, lies at the root of this litigation.

The decree of the court of chancery dismissed the bill, and it must stand affirmed with costs.

The other Justices concurred.

Afterward, at the January term, 1881, complainant moved for a re-taxation of costs, objecting that they were taxed as for a *hearing*, whereas the case was submitted on briefs in the absence of counsel. Submitted and denied January 4, 1881.

*George S. Engle*, for the motion.

THE COURT said it was the practice to treat the submission of briefs on both sides, as an argument of the case, and not as an *ex parte* submission of it without argument.

Denied, without costs.