# JANUARY TERM, 1892.[*]

LOUISA RENARD v. ALICE A. CLINK ET AL.

*Mortgage—Tender of payment—Discharge of lien—Mistake of law.*

1. A tender of the full amount due upon a mortgage will operate to discharge its lien if the tender is refused without adequate excuse; citing *Moynahan v. Moore,* 9 Mich. 9; *Eslow v. Mitchell,* 26 Id. 500; *Sager v. Tupper,* 35 Id. 134; *Stewart v. Brown,* 48 Id. 383.

2. Complainant foreclosed a mortgage by advertisement, and after the expiration of the redemption year, and when she supposed that she had acquired title under the foreclosure, refused a tender of the amount due, less the costs of the foreclosure, in full payment and discharge of the mortgage, but offered to accept and apply the money tendered so far as it would go, but the offer was refused by the mortgagor. After ascertaining that the foreclosure was invalid, complainant filed a foreclosure bill, which was dismissed on the ground that the mortgage lien was discharged by the tender; which decree is reversed, and one entered for the sale of the mortgaged premises to satisfy the amount due and unpaid on the mortgage.

Appeal from Charlevoix. (Ramsdell, J.) Submitted on briefs February 11, 1892. Decided March 18, 1892.

Bill to foreclose a mortgage. Complainant appeals. Decree reversed, and one entered for a sale of the mortgaged premises for the amount due on the mortgage. The facts are stated in the opinion.

---

[*] Continued from Vol. 90.

*Norton & Keat,* for complainant.

*S. H. Clink,* for defendant Alice A. Clink.

MONTGOMERY, J. The bill in this cause was filed to foreclose a mortgage executed by the defendant Alice A. Clink to one A. H. Van Dusen, and by him assigned to complainant. The other defendants are subsequent purchasers with notice, after the mortgage became due. A foreclosure at law was attempted, a sale made, and a deed executed to complainant; but, owing to the fact that the assignment of the mortgage to complainant was not of record at the time of said attempted foreclosure, that proceeding proved ineffectual. After the complainant had obtained her deed on the foreclosure at law, and before the filing of the present bill, the defendant Clink tendered to complainant the amount due upon the mortgage, exclusive of the costs of such former foreclosure; and in this proceeding it is claimed that such tender operated to discharge the lien of the mortgage. The court below sustained this defense, and dismissed the bill.

It is made clear by the testimony that the complainant, at the time she refused the tender, supposed that she had acquired title by her former foreclosure, and that, notwithstanding this, she was ready to accept the amount of the mortgage, interest, and costs. It also appears that she offered to take the money tendered so far as it would go, but that defendant refused to permit this unless she would accept it in full payment and discharge of the mortgage. Under these circumstances, we think the court below erred in dismissing the bill.

Under the repeated rulings of this Court, a tender of the full amount due upon the mortgage will operate to discharge the lien of the mortgage if the tender be refused without adequate excuse. *Moynahan v. Moore,* 9

Mich. 9; *Eslow v. Mitchell*, 26 Id. 500; *Sager v. Tupper*, 35 Id. 134; *Stewart v. Brown*, 48 Id. 383. But in the present case it appears beyond question that the complainant had no purpose of exacting from the defendant any sum beyond what she believed to be her legal due. While it is a general rule that equity will not relieve against a mistake of law, this rule is not universal. Where parties, with knowledge of the facts, and without any inequitable incidents, have made an agreement or other instrument as they intended it should be, and the writing expresses the transaction as it was understood and designed to be made, equity will not allow a defense, or grant a reformation or rescission, although one of the parties may have mistaken or misconceived its legal meaning, scope, or effect. *Martin v. Hamlin*, 18 Mich. 354; *Lapp v. Lapp*, 43 Id. 287. But where a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, interests, or estates, and enters into some transaction, the legal scope and operation of which he correctly apprehends and understands, for the purpose of affecting such assumed rights, interests, or estates, equity will grant its relief, defensive or affirmative, treating the mistake as analogous to, if not identical with, a mistake of fact. 2 Pom. Eq. § 849, p. 314; *Reynell v. Sprye*, 8 Hare, 222; *Blakeman v. Blakeman*, 39 Conn. 320; *Whelen's Appeal*, 70 Penn. St. 410; *Hearst v. Pujol*, 44 Cal. 230; *Morgan v. Dod*, 3 Colo. 551; *Cooper v. Phibbs*, L. R. 2 H. L. 149; *Lansdowne v. Lansdowne*, 2 Jac. & W. 205.

In *Myer v. Hart*, 40 Mich. 517, the mortgagor filed his bill to set aside a mortgage sale, and asked that the premises be relieved from the mortgage lien. The Court found that the mortgagee was mistaken as to his legal rights, but was acting in good faith, and refused to

enforce the statutory penalty, and decreed that the mortgagor pay the mortgage debt as a condition to relief.

In *Canfield v. Conkling,* 41 Mich. 371, a bill was filed to set aside a mortgage, and to recover the penalty for refusal to discharge it on tender of the amount due. The Court found that the tender was sufficient, and say:

"He [defendant] was bound to accept the tender, and complainant had made out a sufficient case for relief. But the question was one on which he might be mistaken without any serious fault, and we do not think it one where the mortgage ought to be held canceled without payment; nor is it a case calling for the statutory penalty for a willful and knowing wrongful refusal to discharge the mortgage."

The decree below should be reversed and a decree entered in this Court providing for a sale of the mortgaged premises to satisfy the amount due and unpaid upon the mortgage.

The defendant will recover the costs of the court below, and the complainant will be entitled to the costs incurred in this Court.

The other Justices concurred.