MINEAR v. PHELPS.

1. SALE—TENDER OF PAYMENT—DEMAND—REPLEVIN.

A purchaser of cattle, who had paid a part of the purchase price, met the seller two days after the time set for payment of the balance and for delivery of the cattle, at a place two miles from the place where they then were, and stated to him that he "was after the cattle, and had the money to pay for them." The seller paid no attention to the statement. *Held*, that this did not constitute such a demand and tender as would entitle the purchaser to maintain replevin.

2. SAME—WAIVER—WHAT CONSTITUTES.

The return by the seller of cattle of money paid upon the purchase price, and a subsequent statement that he does not own the property, and that the sale must be declared off, do not establish the fact that demand and tender of the balance of the purchase price would be unavailing, so as to justify the purchaser in treating them as waived.

Error to Osceola; McMahon, J. Submitted February 2, 1897. Decided March 10, 1897.

Replevin by John Minear and George Wells against Aaron Phelps. From a judgment for defendant, plaintiffs bring error. Affirmed.

*Sweet, Perkins & Judkins*, for appellants.

*Charles A. Withey*, for appellee.

HOOKER, J. The findings of fact in this cause state that the plaintiff Minear bargained with the defendant for a yoke of oxen, at the price of $100, to be paid for on delivery. The bargain was made on Sunday, and the defendant promised to deliver the oxen on the following Wednesday at Evart. On the day appointed the defendant did not deliver the cattle, but went to Evart, where a new contract was made, whereby he agreed to let the

plaintiff Minear have the cattle for $100, to be paid upon the following Tuesday, when Minear was to go to the defendant's place for them. Five dollars was then paid and accepted upon the trade. Afterwards, and on the same day, the plaintiffs offered to pay more upon the cattle, but defendant said, "The cattle are yours now, and you can have them next Tuesday." The plaintiffs replevied the cattle some days after the time set for delivery, and upon the trial a judgment was rendered for the defendant, for want of demand and tender of payment, and, return of the property being waived, his damages were assessed at $95. It is alleged that this is erroneous, it being claimed that the findings show that demand and tender were waived. The findings upon this subject are:

1. A day or two after the Wednesday bargain, the defendant returned, by registered letter, the five dollars which had been paid. The plaintiffs, suspecting the contents of the letter, refused to receive it.

2. On Sunday, two days before the time set for the delivery, the plaintiff Wells was at defendant's house, talking about the oxen, and defendant said that he did not own the cattle, had no right to sell them, and that he had returned the money, and the trade must be called off.

3. A day or two after the time set for plaintiffs to call for the cattle, Minear went after them, and met the defendant in the road a mile and a half from his house. He told the defendant that he was after the cattle, and had the money to pay for them. Defendant paid no attention to him, and passed on. The money was not produced and tendered, and no other demand was made at that time.

The writ in this case was then sued out, and afterwards, but before service, a tender of $95, and demand for the cattle, were made and refused. It is plain that no demand accompanied by lawful tender was made before suit. A demand unaccompanied by a tender, or, so far as appears from the findings, without present ability to pay the money, was made two days after the time set for pay-

ment, at a place 1½ miles distant from the place where the cattle then were, which was received by silence on the part of the defendant. Standing alone, this was insufficient, for several reasons: (1) Not being at the appointed time, the defendant was under no obligation at that time to go home and deliver the cattle; (2) the money was not exhibited and offered; (3) there is nothing to show that Minear had any money. The question then gets to the point where, to sustain the plaintiffs' contention, we must say that the return of the money, and the statement made on Sunday that defendant did not own the cattle and had no right to sell them, and that the trade must be declared off, constituted a waiver of the demand and tender, or, if it did not, so explained and colored defendant's conduct as to justify the conclusion that his silence on the subsequent occasion was equivalent to a statement that no demand or tender need be made, for the reason that he should not deliver the cattle. The effect of the plaintiffs' contention is the destruction of the defendant's lien, and to deprive him of the cattle without payment, leaving him to rely upon the personal responsibility of the plaintiffs for compensation. Under such circumstances, the court would not have been justified in lightly inferring a waiver of demand and tender. Up to the time that the parties met in the road, there had been no demand or tender, nor had there been a clear refusal to perform the contract. *Potts* v. *Plaisted*, 30 Mich. 149; *Engle* v. *Hall*, 45 Mich. 57. On that day the demand was not made at the proper place; nor was there any refusal to deliver at a proper time and place, upon tender. Furthermore, it does not appear that the plaintiff Minear had the money with him, *i. e.*, "that he was ready and willing to pay the money." The burden of proving the waiver was upon him, and we think the court was not in error in holding that it was wanting. By the waiver of return, and assessment of $100, or thereabouts, as damages, substantial justice has been done. The plaintiffs could easily

have put this matter beyond question before commencing this action, but did not do so.

We are of the opinion that no error was committed, and the judgment is affirmed.

The other Justices concurred.