## BOLTON *v.* JEWETT.

LAND CONTRACT—VENDOR'S LIEN—TENDER.

> Although a contract for the sale of land, consisting of two writings, one executed by the purchaser and left with the vendor, providing that the latter, on payment in full of the purchase price, shall give "a deed of all his interest" in the land, the other executed by the vendor and left with the purchaser, requiring the execution of a "warranty deed" by the vendor, entitles the purchaser to a warranty deed, an assignee of the vendor, who has no knowledge of the terms of the writing signed by the latter, does not lose his lien on the land, or his right to after-accruing interest, by refusing a tender of the purchase money on condition that he deliver a warranty deed.

Appeal from Alpena; Kelley, J. Submitted April 20, 1898. Decided May 17, 1898.

Bill by Henry Bolton against Solomon S. Jewett and Burt E. Jewett to foreclose a vendor's lien. From a decree for complainant, defendants appeal. Affirmed.

*James McNamara*, for complainant.

*Frank Emerick*, for defendants.

HOOKER, J. On May 1, 1881, Fletcher and the Jewetts executed the following writings, each party accepting and keeping that signed by the other:

"ALPENA, May 1, '81.

"We agree to pay G. N. Fletcher one dollar and twenty-five cents per acre for the E. ½ of S. E. ¼ section 21, and the E. ½ of N. E. ¼ section 28, 31, 5, within four years, with interest, provided the said Fletcher shall decide to pay all the back taxes on said land; and, if not, then the $25 this day paid shall be in full for all his rights in the same, and he shall, at the end of four years, give us a deed of all his interest in the same.

"S. S. JEWETT.
"BURT E. JEWETT."

"ALPENA, May 1, 1881.

"For a consideration of twenty-five dollars, this day paid me by S. S. Jewett and Burt E. Jewett, his son, I sell them all my interest in the east half of the southeast quarter of section 21, and the east half of the northeast quarter of section 28, all in town 31 north, range 5 east; and for the further sum of one dollar and twenty-five cents per acre, provided the taxes shall hereafter be canceled, or if I shall choose to pay the same up to this time; if not, then said Jewetts shall receive from me a deed of all my interest, within four years, they paying all taxes from this time. Interest to be paid me by them from this time, if I pay the taxes or they are canceled. The $25 now paid shall be in part.

"GEORGE N. FLETCHER.

"If in case I take the $1.25 per acre for the above, I will give them a warranty deed of the same.

"GEORGE N. FLETCHER."

On November 8, 1881, Fletcher conveyed the land described in the writings to the complainant and his partner, Donald McRae, subject to the Jewett contract, which Fletcher at the same time assigned and delivered to them. Subsequently McRae transferred his interest to the complainant. In November, 1883, complainant paid the taxes mentioned in the writings, and became entitled to receive $1.25 per acre for the land, which, under the terms of the contract, was to be payable four years from its date. The defendants afterwards tendered to the complainant $250, and demanded a warranty deed of the premises. The complainant refused to give a warranty deed of the premises, but offered to receive the money, and give to the defendants a deed of all of the interest he had received from Fletcher; but this they declined, and refused to pay the money without receiving a warranty deed. This bill is filed to enforce the complainant's lien, and a decree was entered in favor of the complainant, providing for a sale of the premises in case the defendants should fail to pay the amount of the decree; and providing, further, that, in case of such payment, the complainant should execute and deliver to said

defendants a "deed of the premises, with the usual covenants of warranty, except as to acts and incumbrances affecting said lands, caused by or through the defendants, subsequent to May 1, 1881." The defendants have appealed.

It is not disputed that the defendants owe for the land, having never paid for it; but they insist that the tender discharged the lien, or, if it did not, it should have the effect to stop interest. We are satisfied that a proper construction of the two instruments constituting the contract entitled the defendants to a warranty deed, in case Fletcher, the vendor, should pay the taxes, and thereby become entitled to receive $1.25 per acre. This right was not lost by reason of the sale to the complainant, who took the land subject to the defendants' rights. But, while this is true, we are not convinced that the complainant acted in bad faith in refusing to receive the tender upon condition that he deliver a warranty deed. While he knew that the defendants claimed the right to such a deed, it does not appear that they gave him any information concerning the writing held by them. He distinctly denied it in his testimony, and stated that he had no knowledge of such a paper until the trial, and that he supposed that the writing in his possession correctly stated the nature of the deed that the defendants were entitled to. We are of the opinion that his conduct was not such as to justify the forfeiture of his lien or the stoppage of interest. The defendants have had the use of the land and the money, and we think should pay the amount due upon the contract. *Renard* v. *Clink*, 91 Mich. 1 (30 Am. St. Rep. 458); *Post* v. *Springsted*, 49 Mich. 90; *Sager* v. *Tupper*, 35 Mich. 134.

The learned circuit judge, who saw the witnesses, took this view of the case. His decree is affirmed, with costs.

The other Justices concurred.