HAYWARD v. CHASE.

1. TENDER—FORECLOSURE OF MORTGAGES—EVIDENCE.

Evidence that defendant in a foreclosure suit went to the place at which the mortgage was payable, having with her sufficient funds to pay the indebtedness secured by the mortgage, and that she found no one to whom payment could be made, also, that later the complainant referred her to his attorney who denied that he had anything to do with the mortgage, considered, and *held*, insufficient in the face of a denial of the facts so stated, by complainant and his attorney, to establish a sufficient tender.

2. SAME—DISCHARGE OF LIEN.

Unless a tender is refused in bad faith, the lien of a mortgage is not discharged.

3. EQUITY—HEARING—REOPENING TESTIMONY—MORTGAGES.

Where complainant apparently closed his. proofs and sub-
mitted the case to the court without argument, but his
attorneys later served notice on the solicitor for defend-
ant that further testimony would be taken at a time
stated, and where defendant's solicitor appeared at the
time mentioned, and objected to the taking of further
proofs, which were, however, received and considered, the
trial court acted within its lawful discretion.

Appeal from Berrien; Bridgman, J. Submitted
June 18, 1914. (Docket No. 119.) Decided July 24,
1914.

Bill by James Hayward against Julia Chase, Nellie
K. Berkey and others for the foreclosure of a mort-
gage. From a decree for complainant, defendant
Berkey appeals. Affirmed.

*Cady & Andrews,* for. complainant.

*Charles H. Kavanagh* (*J. Marion Miller,* of coun-
sel), for defendant Berkey.

KUHN, J. On the 26th day of January, 1911, the
defendant Julia Chase executed a real estate mort-
gage on certain lots in the village of Berrien Springs
to secure the repayment of $3,170, borrowed by her
from the complainant, the obligation to become due
two years after date, with interest at 6 per cent., and
was made payable at 5009 Champlain avenue, Chi-
cago, Ill. The mortgaged premises were conveyed by
Julia Chase to Nellie K. Berkey on July 25, 1911, who,
together with her husband, executed, on the same
day, a second mortgage on the premises to the defend-
ant Samuel Brown, Jr. On the following day, July
26, 1911, Nellie K. Berkey and her husband conveyed
the premises by warranty deed to the defendant
Robert M. McNair. No interest having been paid, on
the 10th day of April, 1912, the complainant filed a
suit to foreclose this mortgage; but Nellie K. Berkey

was not made a party, for the reason that the record showed that she had parted with all her interest in the premises. After decree of foreclosure was entered, Mrs. Berkey filed a petition in the case, alleging that her deed to McNair was given only as a pledge of her interest in the property to secure an indebtedness due McNair from her, and prayed the right to intervene. As a result the suit to foreclose the mortgage was, upon order of the court, dismissed on January 27, 1913. The following day, January 28, 1913, the bill of complaint in this suit was filed to foreclose the whole amount due under this mortgage. There is no question raised as to the regularity of the foreclosure proceedings, nor as to the amount of the indebtedness due and owing the complainant on the mortgage.

The sole defense of the appealing defendant is that this court should decree a cancellation of the mortgage lien, because, *first,* she appeared at the time and place specified in the note and mortgage for their payment with money to pay the same, and with the intention of paying the note and mortgage, and was prevented from making such payment by the absence of complainant; *second,* because of an actual tender to the complainant, claimed to have been made at Berrien Springs on January 28, 1913, and to his attorney, at Chicago, a few days later. With reference to these claims, Mrs. Berkey testified that on January 26, 1913, which fell on a Sunday, she went to 5009 Champlain avenue, Chicago, Ill., the place specified in the note and mortgage for payment, with $3,625 to pay the note and mortgage; that she found no one at this address except the janitor, who informed her that the complainant had not been there that month; that thereupon she asked the janitor if there was any one there to receive the money due on the mortgage, which fell due that day, and the janitor replied that he had heard nothing regarding it, and, if she would return

the following day, the complainant possibly would be there; that on the next day, January 27th, she went back with the money and was informed by the janitor that the complainant had not been there. She states that about noon of that day she left Chicago and went to Berrien Springs, and claimed that on the next day, January 28th, she saw the complainant and informed him that she was ready and willing "to discharge the mortgage," but was referred by him to his attorney, Mr. Kolb, of Chicago; that she then returned to Chicago and called on Mr. Kolb, who, when she told him the purpose of her visit, "threw up his hands and said, 'I have got nothing to do with it whatever, nothing to do with it.'" The testimony with relation to her interviews with the complainant and Mr. Kolb are flatly contradicted by both complainant and Mr. Kolb. The testimony shows that, when default was made in the payment of the interest, the complainant placed the note and mortgage in the hands of Mr. Kolb for attention, and that Mr. Kolb made every effort to collect the same, and that Mrs. Berkey made requests in writing for extension of time, and promised to pay but never did pay any of the principal or interest. The learned circuit judge, who saw and heard the witnesses, came to the conclusion that the defendant Mrs. Berkey was mistaken as to the occurrences at Berrien Springs and what occurred at the interview with Mr. Kolb in Chicago. A careful reading of the record is convincing that her testimony as to these occurrences is highly improbable. It does not seem reasonable that either the complainant or his attorney would have refused the money if a proper tender had been made, as it appears from the correspondence between Mr. Kolb and the defendant that he was eager to collect the money, and that she was unable to pay even the interest on the indebtedness. Her testimony as to what occurred on January 26th and 27th at 5009 Champlain avenue is uncontradicted. It seems some-

what strange, however, that she should go to Chicago to tender the money when she knew that there was a proceeding pending at the time to foreclose the mortgage, in which she had filed a petition to intervene.

It seems to be a well-established doctrine in this State that, even if a proper tender is made, it will not discharge a mortgage lien, unless the tender is refused in bad faith. In *Waldron* v. *Murphy*, 40 Mich. 668, 671, it was said:

"It has been held in this State that a wilful and absolute refusal to accept a lawful tender discharges a lien. But there is no equity in attempting to avoid both lien and debt, and the security should not be discharged by any action in which the conduct of the creditor is not unjustifiable. If the refusal of a tender is not unreasonable or absolute, we do not think a mortgage is cut off by it. For the cases heretofore decided bearing on this question, see *Caruthers* v. *Humphrey*, 12 Mich. 270; *Van Husan* v. *Kanouse*, 13 Mich. 303; *Eslow* v. *Mitchell*, 26 Mich. 500; *Potts* v. *Plaisted*, 30 Mich. 149; *Flanders* v. *Chamberlain*, 24 Mich. 305; *Cowles* v. *Marble*, 37 Mich. 158; *Collar* v. *Harrison*, 28 Mich. 518; [*Id.*] 30 Mich. 66; *Barnard* v. *Harrison*, 30 Mich. 8; *Seager* v. *Tupper*, 35 Mich. 134; *Fry* v. *Russell*, 35 Mich. 229."

See, also, *Proctor* v. *Robinson*, 35 Mich. 284; *Canfield* v. *Conkling*, 41 Mich. 371 (2 N. W. 191); *Engle* v. *Hall*, 45 Mich. 57, 58 (7 N. W. 239); *Post* v. *Springsted*, 49 Mich. 90 (13 N. W. 370); *Renard* v. *Clink*, 91 Mich. 1 (51 N. W. 692, 30 Am. St. Rep. 458); *Bolton* v. *Jewett*, 117 Mich. 105 (75 N. W. 293).

In *Engle* v. *Hall*, *supra*, Mr. Justice COOLEY, speaking for the court, said:

"When the discharge of a mortgage is demanded on the ground of a tender, the evidence in support of the tender ought to be very clear and satisfactory, and ought to place the defendant distinctly in the wrong."

In this case we do not find the evidence in support of a tender satisfactory, nor do we find the complainant in the wrong. Complainant, at the time of the occurrences at 5009 Champlain avenue, had commenced a proceeding to foreclose his mortgage, in which proceeding the defendant Mrs. Berkey had filed her petition to intervene. There is nothing in this record to warrant the conclusion that the complainant was not willing to accept his money; in fact it is conclusive that he was anxious and made every reasonable effort to obtain it. Under the circumstances of this case, there would be no equity in discharging the lien, as it cannot be said that the complainant's conduct was unjustifiable.

A part of the proofs in this case were introduced on September 16, 1913. At the close of these proofs, the case was apparently submitted without argument. Solicitors for complainant, who reside at Benton Harbor, gave notice on October 10, 1913, by mail, to the solicitor for defendant Nellie K. Berkey, who resides at Berrien Springs, that further testimony would be taken in the case at St. Joseph on October 14, 1913, at 7:30 o'clock at night. At the time appointed the testimony of Mr. Kolb was taken. The solicitor for defendant appeared but refused to participate in the proceeding, and filed a written protest, and did not cross-examine the witness. It is urged that a motion to reopen the case should have been made and heard before further testimony and argument was allowed, and that the notice given did not give the solicitor a reasonable time in which to appear. When a case has been finally submitted, and further proof or argument is desired, it would seem to be the better practice to make a motion so to do and properly notice it for hearing, as was done in *J. L. Hudson Co.* v. *Hat Co.*, 174 Mich. 109 (140 N. W. 507). The matter of taking proofs in a chancery case must, however, be left largely to the discretion of the chancellor, and in

the instant case it appears that the notice given was ample, as the solicitor for the defendant did appear and was present during the taking of the testimony, although he refused to participate in the proceedings. Under these circumstances, we cannot say that the testimony of Mr. Kolb should not have been considered by the chancellor.

The decree is affirmed, with costs to the complainant.

MCALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.