RUBENSTEIN v. PEOPLE'S LUMBER CO.

1. MECHANICS' LIENS—FORECLOSURE—TENDER OF AMOUNT DUE BEFORE SALE TIMELY.

Tender of the amount due under a mechanic's lien foreclosure decree, where made before sale, was timely and should have been accepted by the lien claimant, although not made within 15 months after the filing of the bill to foreclose, and not within 15 days after entry of decree; refusal to accept not being justified under 3 Comp. Laws 1915, § 14814, which has reference to redemption after sale and not to payment before sale.[1]

2. SAME—REFUSAL OF TENDER DOES NOT DISCHARGE LIEN IN ABSENCE OF BAD FAITH.

Refusal of the lien claimant to accept a tender of the amount due does not discharge the lien, where the refusal was based on a mistake as to the law, and there was no bad faith.[2]

---

[1]Mechanics' Liens, 27 Cyc. p. 294 (Anno); [2]Id., 27 Cyc. p. 286 (Anno).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 4, 1925.    (Docket Nos. 30, 31.)    Decided July 16, 1925.

Bills by Rose Rubenstein and Joseph Rubenstein against the People's Lumber Company and others to enjoin sales under foreclosure of mechanics' liens. The cases were consolidated.    From decrees dismissing the bills, plaintiffs appeal.    Reversed, conditionally.

*William Henry Gallagher* (*Edward J. Fallon*, of counsel), for plaintiffs.

*Yerkes, Simons & Goddard*, for defendants.

WIEST, J.    These two cases involve identical issues, were heard together in the circuit, and come here in a single record on appeal.    While there are three defendants, the issues require reference to but the People's Lumber Company and it will be styled defendant in this opinion.    Suits to foreclose mechanics' liens proceeded to decrees on July 5, 1923, granted plaintiffs herein 15 days in which to pay the amounts found due, and, in default of payment, authorized sales of their properties.    In October, 1923, and more than 15 months from the time of filing the bills for foreclosure, plaintiffs tendered the amounts decreed due, together with costs and expenses, and, upon rejection, filed the bills herein to enjoin sales.    Upon the hearing the bills were dismissed, the court holding the periods of redemption had expired, and, besides, plaintiffs did not keep their tenders good by payment into court and made no profert of payment.

If such tenders were timely plaintiffs may have the sales enjoined, otherwise not.    In rejecting the tenders, reliance was placed upon section 14814, 3 Comp. Laws 1915, which provides how sales shall be

made under decrees for lien foreclosures: "and all lands sold under such order or decree of the court may be redeemed at any time within fifteen months from the time of filing such bill for such foreclosure."

Defendant insists that plaintiffs lost their equitable right of redemption because the tenders were not made until more than 15 months after the filing of the bills to foreclose the liens. One of the lien foreclosure suits was filed September 14, 1921, and the other February 24, 1922, so more than 15 months had elapsed when the foreclosure decrees were entered on July 5, 1923, and if defendant's contention is sound the right of equitable redemption expired before the decrees found the amounts due, granted 15 days in which to pay and, in default of payment, authorized sales.

The statute relied on by defendant provides for redemption *after sale* and, as such redemption, as distinguished from payment, can hardly be made before sale, it is evident the statute relates solely to redemption after sale. The tenders of payment in full were before sales, rested upon right to pay and not in any sense upon right to redeem, except it be termed an equitable right to redeem, were timely and should have been accepted. It is true the decrees of July 5, 1923, granted plaintiffs herein 15 days in which to pay the liens, and they did not tender payment within such time, but the alternative was not loss of right to pay after such time, for such a result would constitute strict foreclosure.

Defendant insists that plaintiffs are without remedy because the tenders were not kept good by payment of the money into court and offer to do equity in the premises. The bills were framed under the claim of wrongful refusal by defendant to accept the tenders and a consequent loss of liens. See *Van Husan* v. *Kanouse*, 13 Mich. 303. While the evidence shows defendant was in error in refusing the tenders, such

error rested upon a mistake of law and was not colored with a design to perpetrate a wrong. Defendant had but liens, before decrees, enforceable by foreclosure, and after decrees, liens enforceable by sales of the premises. Liens, whether by mortgage or under the mechanics' lien law, stand only as security for the payment of debts or obligations and, in this State, constitute no grant of the land upon which they rest, short of sale and expiration of period of redemption without payment, and payment may be made any time before sale. *Caruthers* v. *Humphrey*, 12 Mich. 270; *Hogsett* v. *Ellis*, 17 Mich. 351. Citations to the same effect might be multiplied.

Plaintiffs are not entitled, by reason of their tenders, to discharges of the liens. As stated in *Hayward* v. *Chase*, 181 Mich. 614:

"It seems to be a well-established doctrine in this State that, even if a proper tender is made, it will not discharge a mortgage lien, unless the tender is refused in bad faith."

We find no bad faith on the part of defendant in refusing the tenders, but only a mistake as to the law, and one quite likely to arise under the provisions of the statute mentioned. Defendant has no right to sell and must now accept the tenders made. The amounts tendered were sufficient. Conscience of the court will be content with payments, by plaintiffs, of the sums tendered.

If such sums are paid into court, within ten days from the entry of decree herein, the liens will be, *ipso facto*, satisfied and discharged, and plaintiffs will recover costs. If not so paid the decrees in the circuit will stand affirmed, with costs to defendant.

McDonald, C. J., and Clark, Bird, Sharpe, Moore, Steere, and Fellows, JJ., concurred.