EBERLE v. SAMBAB.

1. MORTGAGES—TENDER OF AMOUNT DUE.
     While unaccepted tender of amount due under mortgage operates to discharge the lien, it does not extinguish the debt.

2. SAME—FORECLOSURE—TENDER—RIGHT TO REDEEM.
     In suit to redeem from mortgage foreclosure, where there was dispute as to amount due, finding of court below that tender made by mortgagor, before expiration of redemption period, was sufficient, and granting relief prayed for, *held*, justified by record.

Appeal from Wayne; Sharp (L. Eugene), J. Submitted October 10, 1929. (Docket No. 54, Calendar No. 34,492.) Decided December 3, 1929.

Bill by Stephen Eberle and others against Roman Sambab and another to redeem from the foreclosure of a mortgage and other relief. From a decree for plaintiffs, defendants appeal. Affirmed.

*Cornelius & Doland,* for plaintiffs.

*Frank C. Golden* and *Benedict H. Lee,* for defendants.

---

As to effect of tender of amount due on mortgage after maturity but before foreclosure to discharge lien of mortgage, see annotation in 33 L. R. A. 231; 28 L. R. A. (N. S.) 998.

McDONALD, J.   This bill was filed to redeem from
the foreclosure of a mortgage by advertisement, for
an accounting as to the amount due on the mortgage,
and to recover damages for the ejectment of plain-
tiffs Tomaska from the premises.

The evidence shows that on August 25, 1925, Julius
Falkenberg and wife executed a mortgage to the
defendants on the premises in question for $1,950.
On January 11, 1927, the Falkenbergs sold the prem-
ises to plaintiff Stephen Eberle.   Matthew Tomaska
and wife bought them on land contract from Eberle,
went into possession, and remained there until
ejected after the foreclosure proceedings.   When
the mortgage came due defendants demanded pay-
ment.   Eberle seemed able and willing to pay, but
they could not agree on the amount due.   There was
a difference between them of $150.   Eberle had a re-
ceipt for $150 which the defendants insisted was
given to Falkenberg to take the place of a receipt
which Falkenberg claimed to have lost.   The con-
troversy in regard to this payment was carried on
for some time.   The parties met in the People's
State Bank at Delray, Michigan, on October 8, 1927.
Acting for Mr. Eberle, the banker tendered Sambab
$1,600, which he refused to accept.   Eberle says he
did not know foreclosure proceeding were pending
at that time.   Proceedings to foreclose by advertise-
ment had been started on May 5, 1927.   The prem-
ises were sold on August 12, 1927.   The tender was
made after the sale, but before the time for redemp-
tion had expired.   Eberle says that he first learned
of the foreclosure when the plaintiffs Tomaska
were put off the premises after the lapse of the time
to redeem.   They then began this suit on the theory
that refusal to accept a tender of the amount due
operated as a fraud on the plaintiffs and entitled
them to relief from the foreclosure.   The defendants

say there was no fraud, that the proceedings were regular, that the statutory period for redemption had expired before the bill was filed, and that therefore the court had no jurisdiction to decree a redemption. The court accepted the plaintiffs' view of the law and the facts, and entered a decree setting aside the sheriff's deed to the defendants. They have appealed.

The first question to be considered is the legal effect of the plaintiffs' tender of $1,600, made after the sale but before the period of redemption had expired.

There is no doubt that a tender was made. The defendant admits it. He testified:

"The banker brought the money. He read it out. He said I should sign here for him, for this much money. I said: 'No, I would not sign.' I turned around and went out. Since then I have not seen any of them. I would not sign because the amount was not enough."

The amount claimed to be due at that time, including principal, interest and total cost of foreclosure, was $1,743.70. Therefore the tender was sufficient if Eberle was entitled to the credit of $150. Whether he was entitled to such credit is a question of fact which we will discuss presently. If the tender was sufficient, the effect was to discharge the lien. In *Caruthers* v. *Humphrey,* 12 Mich. 270, it was said:

"A mortgage is no longer in this State what it was originally at common law, a grant of the land to the mortgagee, defeasible upon condition subsequent, and to become absolute on failure to pay at the specified day. It is but a security for the debt. The estate in the land is still in the mortgagor; and payment at any time before foreclosure or sale, or in case of foreclosure by advertisement at any time before the expiration of the time of redemption—

including, of course, any legal costs which may have been made—will discharge the mortgage in the same manner as if made on the day of payment mentioned in the mortgage."

It was later held that if the refusal to accept a tender is not absolute or unreasonable, it does not necessarily have the effect of discharging the mortgage lien. *Waldron* v. *Murphy,* 40 Mich. 668; *Hayward* v. *Chase,* 181 Mich. 614. It is not necessary that the tender be thereafter kept good. *Potts* v. *Plaisted,* 30 Mich. 149. In the instant case, the tender was absolute and legal in all respects if it was for the proper amount.

When Eberle bought the property from the Falkenbergs, they turned over to him as credits on the mortgage three receipts; one for $150 dated May 14, 1926, one for $350 dated August 7, 1926, and one for $150 dated November 8, 1926. The defendant contends that $150 of the amount represented in these receipts was receipted for twice and should be credited but once on the mortgage. He explains that on August 7, 1926, the Falkenbergs paid him $200, but that he gave them a receipt for $350 so that they might have some evidence of the previous payment of $150, the receipt for which they claimed to have lost. For this reason he says that $150 should be deducted from the credits claimed by Mr. Eberle. Mr. and Mrs. Falkenberg were witnesses at the hearing. Both positively denied defendant's story in regard to the receipts. The court who had the advantage of seeing them on the witness stand and hearing them testify said:

"From the manner of giving their testimony on the stand and the appearance of the Falkenbergs I am impressed that they were truthful witnesses and that Sambab received the money represented by receipts, exhibits 1, 2, and 3."

The record furnishes no reason for discrediting the testimony of these two witnesses. We agree with the conclusion reached by the trial court. It follows that when the tender of $1,600 was made there was due to the defendant, including principal, interest, and foreclosure costs, the sum of $1,593.70. The tender was legal, and the plaintiff was entitled to have the mortgage discharged. Instead of accepting it, the defendant made an unjust demand for an amount which he must have known did not belong to him. Under the rule laid down by this court in many decisions, the tender operated to discharge the lien but did not extinguish the debt. However, we do not care to rest our decision on that ground. The plaintiff Eberle does not ask for that relief. He is willing to pay the mortgage debt with interest and costs of foreclosure less the rent which the defendant has been receiving for the premises since he took possession. He merely asks the right to redeem. The trial court granted him that privilege, and in doing so we think he correctly disposed of the issue. The decree is affirmed, with costs to the plaintiffs.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.