ELIAS FERGUSON ET AL. V. HENRY POPP.

*Loss of lien by evading tender—Neglect to keep tender good.*

A mortgagee loses his lien by evading tender of payment.

Where a mortgager had made a tender of payment which was not accepted and which he had not kept good, and the mortgagee afterwards tendered a conveyance and demanded payment, it was decreed on foreclosure that the mortgager pay the principal of his debt with simple interest to the time of payment, less the period that intervened between the dates of the tender and of the mortgagee's subsequent offer to reconvey; and that the mortgager's costs of both courts be deducted.

Appeal from Van Buren. Submitted October 23. Decided October 30.

FORECLOSURE. Defendant appeals.

*Richards & Mills* for complainants.

*Clapp & Fyfe* for defendant. A tender of the amount due on a mortgage discharges the lien, *Potts v. Plaisted*, 30 Mich., 149; *Flanders v. Chamberlain*, 24 Mich., 305; *Cowles v. Marble*, 37 Mich., 161, and it is not necessary to keep the tender good, *Van Husan v. Kanouse*, 13 Mich., 306; *Eslow v. Mitchell*, 26 Mich., 503; *Caruthers v. Humphrey*, 12 Mich., 277; when the lien is once discharged it cannot be revived, *Moynahan v. Moore*, 9 Mich., 9.

COOLEY, J. This is a foreclosure suit. The mortgage consists of two papers; a deed absolute in form from defendant to complainants, and a contract on their part to reconvey to defendant on the payment by him of one hundred and fifty dollars with ten per centum interest on or before the twentieth day of June, 1870. The contract bore date September 20, 1869. Payment was not made when it fell due, but defendant claims to have made tender of full payment May 23, 1873, and to have deposited the amount in bank when complainants refused to

receive it. According to his evidence the whole amount remained in bank until the following September. Complainants denied the tender, and showed that on March 9, 1874, they tendered to the defendant a conveyance and demanded payment.

The evidence satisfies us that defendant made the tender as he claims, and that complainants, while they did not in terms refuse to receive it, were nevertheless unwilling to do so, preferring to keep their security. They therefore avoided taking the money, and must be held to have lost their lien. *Van Husan v. Kanouse*, 13 Mich., 303.

Defendant, however, has not kept his tender good, and is liable at law upon his promise to pay, which is contained in the contract of sale, and submits to have such decree made in this case as shall be just. A just decree will be that he pay the principal sum due with simple interest at the rate agreed upon to the time of payment, deducting from the time the period that intervened between the date of the tender and the date of their offer to convey. From the gross sum must be deducted defendant's costs of both courts to be taxed, with interest at the same rate from this day. Defendant must pay the balance in three months, and in default of payment sale of the land may be made after the usual course of foreclosure proceedings. If defendant makes payment, complainants shall simultaneously convey the lands to him with covenant against their own acts.

The other Justices concurred.