ADAMS *v.* GREIG.

PAST-DUE MORTGAGE—INTEREST—NONRESIDENCE OF MORTGAGEE —TENDER.

*1. The mortgagor of a past-due mortgage is not relieved from paying interest before he is ready and willing to pay both principal and interest, and is prevented from so doing by circumstances which would be the equivalent of a tender.

* Head-notes by GRANT, J.

2. The nonresidence of the mortgagee is not alone sufficient to relieve the mortgagor from the payment of interest.

3. After demand of payment and refusal by the mortgagor to pay, he is not relieved from the payment of interest, although he be entitled to relief from payment before such demand.

4. The facts and circumstances in this case are not the equivalent of a tender, and do not relieve the mortgagor from payment of interest.

Appeal from Kent; Wolcott, J. Submitted April 17, 1901. Decided May 7, 1901.

Bill by Laura E. Adams against Lydia Greig to foreclose a mortgage. From a decree for complainant for less than the amount claimed, she appeals. ˙Reversed.

On September 27, 1884, the husband of the defendant purchased of complainant a piece of land situated in the city of Grand Rapids, and gave his notes for a part of the purchase price. He and his wife executed a mortgage upon the land conveyed and other lands to secure the purchase price. The last note, for $200, was due September 27, 1885. The notes were payable at the Grand Rapids National Bank. On October 14, 1887, Mr. Greig paid $150.23 upon the notes and mortgage, which payment paid the smaller note and interest upon the other, leaving the principal of said note due, viz., $200. Complainant's business was mainly conducted by her son Edward. In December, 1888, Edward removed to San Francisco, Cal., and complainant followed him in 1889, and they have both since resided there. Defendant's husband is dead. At the time the $150.23 was paid, a part of the land was released from the mortgage. The balance due at that time was not paid, as Mrs. Greig testified, because their money was loaned to a cousin. No offer or tender was made to Mrs. Adams or her son before they left Grand Rapids,—a period of about a year and three months.

In April, 1899, complainant sent the mortgage and note to her attorneys, Taggart & Taggart, for collection.

Upon demand of payment, defendant denied the validity of the mortgage, and declined to pay; whereupon this bill of foreclosure was filed. Defendant in her answer denied the execution of the mortgage, and filed a cross-bill, praying that the mortgage be decreed to be null and void, but that, if it should be found that any portion of her lands should be charged with the lien of the mortgage, it be decreed not to extend over the property known as the "Bakery Property," and that complainant be decreed to release the same from the cloud of said mortgage resting thereon. In another portion of her answer she alleges that she had caused letters to be written to complainant in California, asking instructions where to pay the said unpaid note, and obtained no reply thereto. The case was heard upon pleadings and proofs taken in open court, and decree entered for $200, the principal of the note, with costs against the complainant; the court holding that, under the circumstances, defendant was relieved from the payment of interest on account of her willingness to pay the note, and the absence of complainant from the State, and the efforts made by her to pay it. Complainant appealed.

*Taggart & Taggart,* for complainant.

*Andrew W. Johnston* (*William E. Grove,* of counsel), for defendant.

GRANT, J. (*after stating the facts*). It is only necessary to determine one of the questions raised, as that is fatal to the defense. Under the terms of the note, defendant and her husband could have relieved themselves from further liability for interest by having the amount then due at the Grand Rapids National Bank on the day the note became due, that being the place designated for payment. Complainant was then under obligation to present the note there and receive payment of defendant. She was, however, under no obligation to keep the note and mortgage there ready for payment at any time after

wards when the defendant might wish to pay. When the last payment ($150.23) was made, the note was about two years past due. She then had an opportunity to pay it all. That opportunity continued for a year and three months longer, while complainant was still living in Grand Rapids. She had an opportunity to pay in 1899, but refused. Yet this decree relieves her from the payment of interest, not only when defendant had ample opportunity to pay, but even after demand and refusal, and also when, by her own testimony, she had loaned the money and was receiving interest upon it. Clearly, she was not relieved from paying interest before she was ready and willing to pay both principal and interest, and was prevented from so doing by circumstances which would be the equivalent of a tender; neither could she be relieved from paying interest after demand and refusal. *Ferguson* v. *Popp*, 42 Mich. 115 (3 N. W. 287).

Some time after 1888, but the precise time does not appear, defendant requested a Mr. Beckwith, who was the agent for the complainant's son in collecting rents in Grand Rapids, to write to Mr. Adams for her. What he wrote does not appear. Some time in 1890 one Mr. Johnston, at the request of defendant's husband, wrote complainant's son, stating that he was desirous to pay the amount of the mortgage, and wanted the note and mortgage sent on, with the discharge. In 1894, at the request of defendant, Bundy & Travis, attorneys at law, wrote to Mr. Adams, stating that Mr. Greig had deeded to his wife, as the result of a decree for alimony, a certain portion of the property, and that Mr. Greig had assumed the mortgage, and requested her either to release the mortgage upon the land deeded to her, or put it in process of foreclosure, so that the part of the property which remained in Greig could be sold first, and the mortgage paid. No reply was received to these letters, and Mr. Adams testified that he did not receive them. All these parties knew the address of Mr. Adams; and the letters were not returned to them.

These facts were not the equivalent of a tender, and did not relieve Mr. Greig or the defendant from paying interest. Where tender is claimed, proof that the amount due was tendered, and clear refusal to receive the amount, must be made. *Engle* v. *Hall*, 45 Mich. 57 (7 N. W. 239). Defendant's counsel cite no authorities to sustain their contention, unless it be *Pillow* v. *Brown*, 26 Ark. 240, where it was held that a state of war suspended interest between the subjects of the belligerent powers.

Defendant cites *Gill* v. *Bradley*, 21 Minn. 15, as holding that the debtor is not bound to go to another State to make tender. In that case plaintiff was the assignee of a land contract, and brought suit to enforce specific performance after having tendered the full amount due, including interest. The defense was that plaintiff was guilty of laches in waiting 11 years before proceeding to enforce the contract. The defendant resided in North Carolina. The case does not hold that a party may relieve himself from the payment of interest from the fact that the payee is a nonresident. The other cases cited are similar in character.

Where the maker of a promissory note seeks to relieve himself from the payment of interest by circumstances the equivalent of a tender, he must show that he has made reasonable efforts to make the tender, and to notify the payee of his willingness and offer to pay. The residence of complainant and her agent was known. Defendant could easily have ascertained it, and could readily have caused the tender to be made.

Decree reversed, and decree entered in this court for principal and interest, with the costs of both courts.

The other Justices concurred.