## KERR v. TIERNEY.

COSTS—ALLOWANCE—PREVAILING PARTY.

Where defendant,. by exacting usury and a larger sum than was his due before he would reconvey property conveyed to him as security, compelled complainant to appeal to the court for relief, where she succeeded in recovering all paid in excess of legal interest, she was the prevailing party and as such entitled to costs, though other relief prayed for in the bill was not granted.

Appeal from Bay; Shepard, J. Submitted June 15, 1906. (Docket No. 90.) Decided October 1, 1906.

Bill by Sarah A. Kerr against Peter Tierney and May H. Tierney for an accounting, and to redeem from certain mortgages. From a decree for complainant, defendants appeal. Affirmed.

*Frank S. Pratt*, for complainant.

*T. A. E. & J. C. Weadock*, for defendants.

MOORE, J. The complainant from time to time borrowed from defendant Peter Tierney various sums of money upon which she was charged usurious rates of interest. She gave to him notes, chattel mortgages, and one real estate mortgage. Later a deed was given and a contract taken back. Some quitclaim deeds also appear in the transaction which complainant claims she did not give. Tierney made a contract to sell Maher the land complainant deeded to Tierney and received payments thereon. Complainant attempted to secure a settlement with defendant and a reconveyance of the land, but failing in her attempts she employed counsel for that purpose. In response to a letter from counsel defendant offered December 16, 1903, to reconvey the land subject to a mort-

gage thereon for $500. Further correspondence was had and in June, 1904, counsel for complainant was advised by letter written by counsel for defendant, "Mr. Tierney will accept $325 if paid in 10 days and reconvey the lots, although he does not admit she has any claim to them." No settlement was reached. Complainant made a tender of $82 and demanded a reconveyance. The demand was refused, and this proceeding was begun. It is filed for three purposes: *First*, as a bill to recover the statutory penalties; *second*, as a bill for the cancellation of the several mortgages and securities; *third*, as a bill to redeem. The court held the penalties could not be recovered. It was also held that when the tender of $82 was made, there was due defendant $147.80; that complainant had ratified the sale to Maher, and after charging defendant with payments received by him found there was due complainant $6.60 and made a decree in her favor, allowing her costs. The complainant did not appeal, and therefore is bound by the decree. The defendant did appeal.

In their brief counsel say:

"The sole question which this court is called upon to determine is raised upon the decree and is one of costs."

They argue that, as the court found against many of the allegations of complainant's bill of complaint, costs ought not to follow. We quote from the brief:

"Under the decree the complainant was defeated in every claim that she made except the claim for usury, and as to that the court allowed the defendant to charge no interest although the complainant testified as follows: ' I want to pay them with interest, a legal interest, and I want them to return to me all that has been collected, that is legally due me, and that is all I ask.' Complainant's counsel in making the tender did not compute interest, the tender was not kept good, it was not sufficient, and notwithstanding all of this the circuit judge, in disregard of the rule, allowed the defeated, and not the prevailing, party costs to be taxed."

We cannot agree with counsel that complainant was the defeated party. The record clearly shows that defendant

exacted usurious rates of interest; that to secure loans by him, he took a deed; that when complainant sought a settlement he denied she had any interest in the land conveyed by the deed, and before he would reconvey he exacted a larger sum of money than was due. It is difficult to see, because of defendant's attitude, how complainant could get any relief. without appealing to the court. This she did and successfully. We think costs should follow such a situation. See *Ferguson* v. *Popp*, 42 Mich. 115; *Meigs* v. *McFarlan*, 72 Mich. 194.

The decree is affirmed, with costs.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.